## STATE v. NEILSON.
### No. CJAP74-6.
Circuit Court, Orange County, Criminal Appeal.

October 21, 1974.

James A. Lien, Assistant State Attorney, for the appellant.

Michael F. Cycmanick, Orlando, for the appellee.

B. C. MUSZYNSKI, Circuit Judge.

*Final order:* The appellant, State of Florida, appeals from an order granting defendant's motion to dismiss this case on the ground that the prosecution was initiated by an unverified complaint.

The record reveals that defendant was charged in the trial court with the offense of driving while under the influence of an alcoholic beverage. This was accomplished on a form supplied by the Florida Highway Patrol, which does not contain a jurat. The lower court dismissed the traffic ticket stating, "Florida Traffic Court Rule 6.07 does provide for trial on the form of complaint, but the complaint must be verified as set forth in Chapter 71-135, General Laws, State of Florida, 1971."

The question presented on this appeal is whether present Florida law requires that traffic tickets be verified.

Florida Traffic Court Rule 6.07 which deals with the form and use of the complaint provides —

> "All prosecutions for traffic violations by law enforcement officers shall be by uniform traffic complaint as provided or in Florida Statutes 316.018 or other applicable statutes, or by affidavit, information, or indictment as provided for in the Florida Criminal Rules of Procedure." TrCR 6.07, F.S.A. (1973 Revision); In re Florida Traffic Court Rules, 252 So.2d 569 (Fla. 1971).

There is no specific requirement in Florida Traffic Court Rule 6.07 that a traffic ticket be verified; however, the rule does require that the form of the uniform traffic complaint must comply with Florida Statute 316.018 or other applicable statutes.

> "(1) The department shall prepare, and supply to every traffic enforcement agency for this state, an appropriate form traffic ticket containing a notice to appear which shall be issued in prenumbered books with citations in quadraplicate and meeting the requirements of this chapter." Fla. Stat. ch. 316.018 (1973).

The term "department" is defined by Fla. Stat. ch. 316.003(8) (1973) as "the department of highway safety and motor vehicles as defined in §20.24". Fla. Stat. ch. 20.24(2) (a) (1973) designates the Florida Highway Patrol as a division of the department of highway safety and motor vehicles.

There is no specific requirement enunicated in Fla. Stat. ch. 316.018 (1) (1973) which requires that a ticket be verified. All that is required by Fla. Stat. ch. 316.018 (1) (1973), is that the

"department prepare an appropriate form traffic ticket." The complaint used in this case has not been challenged as not being an appropriate form traffic ticket.

This court, having reviewed the Florida Traffic Court Rules and Florida Statutes (1973), with particular reference to TrCR 6.07, F.S.A. (1973 Revision), and Fla. Stat. 316.081 (1974), concludes that there is no Florida Traffic Court Rule or Florida Statute which specifically requires that traffic tickets be verified.

At this time the court is motivated to resolve certain points which were raised by the trial judge's order dated February 11th, 1974. The trial judge's main concern was the history of Florida Statute 316.018. The best way to lay this question to rest is to trace the chronology of Florida Statute 316.018 (1973) and also TrCR 6.07, F.S.A. (1973 Revised). [1]

---

1. In 1963 ch. 63-14, Laws of Florida, was passed. This created Fla. Stat. ch. 317.112 which stated that every traffic law enforcement agency in the state shall prepare and supply its own traffic citation forms. The statute then delineated a sample traffic citation form which included a jurat.

On March 10, 1971 the Florida Supreme Court filed *In re Traffic Court Rules*, which was that court's first promulgation of "traffic rules." These rules included TrCR .07 which stated, "All prosecutions by law enforcement officers shall be by uniform traffic complaint as provided for in Florida Statutes 317.112 . . ." The rules became effective June 1, 1971.

On June 15, 1971, the governor approved ch. 71-135, Laws of Florida. This law specifically stated its purpose to be that "the following proposed chapter 316, Florida Statutes, is a consolidation of existing state traffic law contained in chapter 317, Florida Statutes, the traffic ordinances contained in chapter 186, Florida Statutes, and the suggested laws and ordinances contained in the uniform vehicle code, and the model traffic ordinance, into one workable, uniform law throughout the state and its municipalities and political subdivisions." The concept of ch. 71-135 was to consolidate all the then existing Florida traffic statutes under one chapter to be numbered chapter 316. The sole effect of ch. 71-135 with reference to the form of traffic tickets was to change the chapter number of Fla. Stat. ch. 317.112 to Fla. Stat. ch. 316.018; there was no change in the content of Fla. Stat. ch. 317.112.

On June 27, 1971, the governor approved ch. 71-321, Laws of Florida. This statute completely amended Fla. Stat. 317.112. This statute stated that the department of highway safety and motor vehicles shall prepare and supply the traffic tickets to be used by every traffic enforcement agency. The statute deletes the sample ticket form which had been used

In recent years, a goal has been to achieve uniformity in the form of traffic tickets used in this state by requiring local law enforcement agencies to prepare and use their own forms which were to comply with a sample form ·as delineated in Fla. Stat. ch. 317.112. When the Supreme Court of Florida promulgated the Traffic Court Rules in March of 1971 it adopted this system. In re Florida Traffic Court Rules, 247 So.2d 281 (Fla. 1971); TrCR 6.07 (F.S.A. 1971).

Subsequently, the legislature consolidated and revised the traffic laws of Florida — ch. 71-135 consolidated all the traffic laws into one chapter (Fla. Stat. 317.112 was therein renumbered to 316.108) and ch. 71-321 revised Fla. Stat. 317.112 to provide that local law enforcement agencies would no longer prepare their own ticket forms; uniformity in the form of traffic tickets would be achieved by the department of highway safety and motor vehicles preparing and supplying a form to all law enforcement agencies. Thus the ticket preparation process was centralized, and the model form, which had been provided as a guide to the local agencies in their ticket preparation, was deleted. After these two bills were passed, the Florida Supreme Court on September 29, 1971, updated TrCR 6.07 to encompass these changes. In re Florida Traffic Court Rules, 252 So.2d 569 (Fla. 1971).

This court considers the passage of Laws of Florida, ch. 73-70 and the recent publication of the Florida Statutes (specifically 316.018 (1973) in the 71-321 amended form) as further evidence that the above interpretation of legislative and judicial intent is a correct one.

The question of the constitutionality of prosecuting a traffic offense on an unverified traffic complaint was not raised, but this court feels compelled to touch on this issue. The constitution of the

---

by the local law enforcement agencies when they were required to prepare and supply their own traffic ticket forms.

On September 29, 1971, the Florida Supreme Court filed *In re Traffic Court Rules,* 252 So.2d 569 (Fla. 1971), which amended three of the traffic court rules including TrCR 6.07. Originally TrCR 6.07 stated, "All prosecutions for traffic violations by law enforcement officers shall be by uniform traffic complaint as provided for *in Florida Statutes 317.112 . . ."* This was amended to read, "All prosecutions for traffic violations by law enforcement officers shall be by uniform traffic complaint as provided for *in Florida Statute 316.018 or other applicable statutes . . ."*

state of Florida, Art. I, §15 (1968 revised), requires that felonies and capital crimes be prosecuted by indictments or informations, which under Fla. Stat. ch. 923.03(2) must be verified. Applying the doctrine of *expressio unius est exclusio alterius*, there is no constitutional requirement that traffic offenses be prosecuted by indictment or information. Another constitutional provision which might be raised is Fla. Const., Art. I, §9 — due process. However, the Florida Supreme Court has ruled that charging instruments do not violate due process when challenged solely on the ground that they were unverified. Wright v. Worth, 83 Fla. 204,91 So. 87 (1922); 1971 Atty. Gen. Op. 340, Annual Report of the Attorney General, at 472.

For the foregoing reasons the order dismissing the traffic citation is reversed and this case is remanded for further proceedings.