**THE STATE OF FLORIDA ex rel. KENNETH SWANBORO v. NATHAN MAYO, as Commissioner of Agriculture and Supervisor of the State Prison.**

19 So. (2nd) 883                                      June Term, 1944
December 12, 1944                                           En Banc

*Frank L. Butts,* for petitioner.

*J. Tom Watson,* Attorney General, and John C. Wynn, Assitant Attorney General, for respondent.

BUFORD, C. J.:

On petition for writ of habeas corpus it was alleged that petitioner was convicted under an information which charged that "Rennen Swanboro of the County of Palm Beach and State of Florida on the 14th day of December in the year of our Lord, one thousand nine hundred and forty-three in the County and State aforesaid, did then and there knowingly

commit a lewd and lascivious act in the presence of children under the age of fourteen years, to-wit: in the presence of Ola Artie Pittman and Ann Weems, without intent to commit rape upon such children, (Sec. 800.04 1943) contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Florida."

It was alleged that such information charged no offense against the laws of the State of Florida and it was further contended that Sec. 1 of Chapter 21974, Acts of 1943, carried forward as Sec. 800.04 of 1943 Cumulative Statutes of Florida, is unconstitutional and void.

Pursuant to the issuance of writ, respondent has made his return. In the return respondent denies that petitioner is unlawfully held and restrained of his liberty and avers that he is detained and held by the State prison custodian by virtue of a commitment issued pursuant to a valid judgment of a court of competent jurisdiction.

It is further alleged that the information upon which petitioner was tried and convicted embraces the language of the statute supra and that, therefore, the information charged a crime known to the laws of the State of Florida.

Petitioner now has in effect moved for discharge, the return notwithstanding.

The statute involved here in Sec. 1 of Chapter 21,974, Acts of 1943, and is as follows:

"Any person who shall handle, fondle or make an assault upon any child under the age of fourteen years in a lewd, lascivious or indecent manner, or who shall knowingly commit rape upon such child, shall be deemed guilty of a felony and punished by imprisonment in the State prison or county jail for not more than ten years."

We hold that there is no doubt as to the validity of the statute. The statute did not attempt, however, to define the acts which would constitute a lewd and lascivious act. It, therefore, follows that whether or not the act charged constituted a lewd and lascivious act was a question to be submitted to a court of competent jurisdiction for its determination. Whether or not the act charged by the indictment or information and held by the court to constitute a violation

of the statute was committed by accused is a matter to be determined by the jury. It also follows that under this statute it became necessary for the prosecutor to particularly and definitely allege the act committed and aver that it was a lewd and lascivious act, so that the accused would be put on notice and be advised as to the act as to which he must present his defense. This is necessarily true because an act which might be considered by one respectable and upright citizen as lewd and lascivious might be considered by another equally respectable and upright citizen as neither lewd or lascivious. An act which might have been considered by the general public a few years ago as an indecent exposure of the person and lewd and lascivious in its character might today be not frowned upon, nor condemned by upright, honorable and virtuous people.

A fair example of the change of attitude of the times is found in the fact that if forty years ago either a man or a woman had donned the apparel popular on our bathing beaches of today and in such apparel had attempted to mingle with the public on any bathing beach such person would probably have been immediately conducted to the common jail and branded as a lewd, lascivious and indecent person.

The performance of a dance which a few years ago, and within the time of the memory of this writer, would then have been considered a lewd and lascivious performance and which would have been banned as an indecent performance, meets popular approval today as an exhibition of graceful movement and artistic performance unconnected with lewd and lascivious suggestion. Even the conventional waltz and the two step were until recent times considered by a great many worthy and high-minded people as lewd and lascivious devices calculated to promote the works of the Devil. There are some good and conscientious people who still adhere to this view. This is their right which we shall not question but it is not for them to determine whether or not one who so indulges has thereby violated the statute supra.

It is elementary that when a criminal act is charged under a statute such as this the charge must be so couched that the accused may be advised definitely and precisely of the

act which the prosecution intends to prove was committed by him and whether or not the accused is guilty of a lewd and lascivious act may not be left to the option or judgment of the prosecutor because what one prosecutor might consider a lewd and lascivious act another prosecutor of equal moral fiber and integrity might consider void of any lewd or lascivious element.

So the act complained of in such cases as this must be definitely alleged and averred to be lewd and lascivious thereby leaving the matter for judicial determination as to whether or not the act charged violates the statute.

For the reasons stated, on authority of Kittleson v. State, 152 Fla. 242, 9 So. (2nd) 807, and cases there cited, we must hold that the information charged no offense under the laws of the State of Florida and, therefore, petitioner is now ordered discharged from custody.

TERRELL, BROWN, CHAPMAN, THOMAS, ADAMS and SEBRING, JJ., concur.