**M. A. ROSIN v. T. M. ANDERSON, as Sheriff of DeSoto County, Florida.**

21 So. (2nd) 143                                    January Term, 1945

March 6, 1945                                        Division A

*Alven B. Rowe* and *J. Lewis Hall,* for petitioner.

*J. Tom Watson,* Attorney General, *John C. Wynn,* Assistant Attorney General, and *Clyde H. Wilson,* State Attorney, for respondent.

BUFORD, J.:

Writ of habeas corpus was issued by this Court on February 19, 1945, returnable instanter.

The petition and return show that relator is held under a capias issued pursuant to an information filed in the Circuit Court of the Twelfth Judicial Circuit of Florida in and for DeSoto County, in the following language:

"In the Name and By the Authority of the State of Florida:

"Clyde H. Wilson, State Attorney of the Twelfth Judicial Circuit prosecuting for the State of Florida in the County of DeSoto, under oath information makes that M. A. Rosin, late of the County of DeSoto and State of Florida, on the 4th day of May in the year of our Lord one thousand nine hundred and forty four in the County and State aforesaid did unlawfully solicit and request money to be used in Arcadia, Nocatee, and other places in DeSoto County, Florida, prior to that certain primary election held in said county on the 23rd day of May 1944, for Ed Albritton, the said Ed Albritton being then and there a candidate for office in the aforesaid primary election, contrary to the statute in such case made and provided and against the peace and dignity of the State of Florida.

· Second Count.

"Clyde H. Wilson, State Attorney, of the Twelfth Judicial Circuit under oath information makes that M. A. Rosin, late of the County of DeSoto and State of Florida, on the 4th day of May, in the year of our Lord, one thousand nine hundred and forty four in the County and State aforesaid, did unlawfully solicit and request money under the pretense of the same being used to proceure the votes of persons unknown to the State Attorney for Ed Albritton in that certain primary election held in said county on the 23rd day of May A. D. 1944, the said Ed Albritton being then and there a candidate for office in the aforesaid primary election, contrary to the statute in such case made and provided and against the peace and dignity of the State of Florida.

Third Count.

"Clyde H. Wilson, State Attorney of the Twelfth Judicial Circuit prosecuting for the State of Florida in the County of DeSoto; under oath information makes that M. A. Rosin, late of the County of DeSoto and State of Florida, on the 4th day of May in the year of our Lord one thousand nine hundred and forty four in the County and State aforesaid did unlawfully receive money to be used in Arcadia, Nocatee and other places in DeSoto County, Florida, prior to that certain primary election held in said county on the 23rd day of May, 1944, for Ed Albritton, the said Ed Albritton being then and there a candidate for office in the aforesaid primary election, contrary to the statute in such case made and provided and against the peace and dignity of the State of Florida.

Fourth Count.

Clyde H. Wilson, State Attorney, of the Twelfth Judicial Circuit, under oath information makes that M. A. Rosin, late of the County of DeSoto and State of Florida, on the 4th day of May in the year of our Lord one thousand nine hundred and forty four in the County and State aforesaid, did unlawfuly receive money under the pretense of the same being used to procure the votes of persons unknown to the State Attorney for Ed Albritton in that certain primary election held in said county on the 23rd day of May, A. D. 1944, the said Ed Albritton being then and there a candidate for

office in the aforesaid primary election, contrary to the statute in such case made and provided and against the peace and dignity of the State of Florida."

The information and each count thereof entirely fails to charge any offense against the accused. See Colson v. State, 70 Fla. 267, 71 So. 277; also see State v. Meysenberg, 171 Mo. 1, 71 S.W. Rep. 229, and 1 Archb. Crim. Prac. & Pleading, page 275, Sec. 88, wherein it is said:

"It has already been mentioned that the indictment must state all the facts and circumstances comprised in the definition of the offense, by the rule of the common law or statute on which the indictment is founded. And these must be stated with clearness and certainty, otherwise the indictment will be had.

"The principal rule, as to the certainty required in an indictment may, I think, be correctly laid down thus: that where the definition of an offense whether by a rule of the common law or by statute, includes generic terms (as it necessarily must) it is not sufficient that the indictment should charge the offense in the same generic terms as in the definition, but it must state the species—it must descend to particulars."

The information entirely fails to advise the accused as to what charge he is required to defend against.

Therefore, the petitioner is discharged.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.