TERRELL, Justice.
Appellees were' informed against for violating paragraph two, Section 550.35, Florida Statutes, F.S.A,, relating to the transmission of racing information, as follows:
“(2) It shall be unlawful for any person to transmit by any means whatsoever racing information to any other person, or to • relay the same to any other person by word of mouth, by signal, or by use of telephone, telegraph, radio, or any other means, when' the information is knowingly used or intended to- be used for illegal gambling purposes,' or in. furtherance of such gambling.”
The information in both cases was quashed and the State has appealed. The only question presented goes to the sufficiency of the information to charge a crime. The State contends that this question should have been answered in the affirmative and relies on State v. Ucciferri, Fla., 61 So.2d 374 and State v. Pound, Fla., 49 So.2d 521 to support its contention. The pertinent *898 part of the information in the Ucciferri case was as follows:
“* * * that Benny I. Ucciferri of the County of Dade and State of Florida, in the 4th day of January, in the year of our Lord, one thousand nine hundred and fifty-two, in the County and State aforesaid, did unlawfully transmit or communicate to a person or persons whose name or names are to the County Solicitor unknown, the result of a horse race, to-wit: the fourth race, from a track operating in the State of Florida, to-wit: Tropical Park, within thirty minutes after posting of the official result of the said race.”
The pertinent part of the information in this case is as follows:
“* * * ^at Harold Russe, of the County of Dade and the State of Florida, on the 22nd day of April, in the year of our Lord, one thousand nine hundred and fifty-two, in the County and State aforesaid, did then and there unlawfully disseminate racing information to another person or persons, whose name or names are to the County Solicitor unknown, by the use of a telephone, which said racing information was knowingly used or intended to be used for illegal gambling purposes or in furtherance of illegal gambling on racing, contrary to the form of the Statute in such cases made and provided and against the peace and dignity of the State of Florida.”
The information in the Ucciferri case was predicated on paragraph one of-Section 550.35, Florida Statutes, F.S.A., while the information in this case is patterned on paragraph two of the same statute. It is admitted that the information in the present cases substantially follows the statute but when that is done, if the information as a whole is vague, indefinite, inconsistent, or calculated to mislead the defendant in the preparation of his defense, or expose him to the danger of a second prosecution after conviction, it will not be upheld. The question in the Ucciferri case went to the alleged violation of free speech while the question in this case goes to the sufficiency of the information to charge a crime.
In our view the information in these cases is immune to the assault made on them. They are sufficient to inform defendants of the nature of the charge against them, they can easily prepare their defense to the charges and they detail ample information to do this. In answer to the charge that they fail to charge guilty knowledge on the part of the defendant it is sufficient to say that the public policy of the State is that all race track gambling shall he conducted only through means of pari-mutuel operation and that transmitting information that may be used for betting elsewhere is prohibited; consequently no guilty knowledge on the part of the defendant that the information transmitted by him is to be used for unlawful purposes need be alleged or proven. Under subsection (2) of the involved statute. See La Russa v. State, 142 Fla. 504, 196 So. 302; Coleman v. State ex rel. Jackson, 140 Fla. 772, 193 So. 84. It follows that the judgment must be and is hereby reversed.
Reversed.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.