## STATE v. FUTCH.
### No. 67-2113.
Court of Record, Brevard County.

December 14, 1967.

82

E. Thom Rumberger, County Solicitor, for the state.

James M. Russ, Orlando, for the defendant.

JOE A. COWART, Jr., Judge.

This cause coming on this day to be heard upon the motion of the above named defendant to dismiss the information herein and the defendant being present with his attorney of record and the court having heard argument of counsel and having considered said motion and said information finds that the information is drawn to charge the defendant with accepting a bribe in violation of §838.012, F. S., and in large part merely avers language from that statute.

There are many Florida cases stating that an information is legally sufficient if it substantially follows the language of the statute. [1] This statement is correct as indicating that an information is sufficient if it includes every element of an offense set forth in a statute, but is too broad as a principle of law stating the degree of specificity necessary to be used in drafting a proper information. The information should allege the essential facts constituting the offense charged (Rule 1.140(d)(1), CrPR). Although alternative or disjunctive averments are expressly permitted (Rule 1.140(k)(5), CrPR), nevertheless, they may describe such an assortment of objects or acts as to render the information vague and indefinite.

When the statutory definition of an offense includes a generic term it is not sufficient for the indictment or information to charge the offense in the same generic term. General statutory language may be used but it should be accompanied by a statement of particular facts and circumstances which descend to, and describe, the lowest or most basic object or act which the state intends to use to prove the elements of the offense as contained in the statute. [2]

What is the consideration allegedly received by the accused that is characterized by the information as being a commission, gift or gratuity? Was it money or property or other thing of

1 See, for example, State v. Pound, Fla. 1950, 49 So.2d 521, 523; State v. Barone, Fla. 1960, 124 So.2d 490.

2 See State v. Hazellief, Fla. App. 1962, 148 So.2d 28.

value?[3] How was the accused allegedly going to use or exert influence? In relation to what factor involving the alleged purchase of a warehouse was the unlawful influence to be directed? What was the objective of the unlawful agreement? These are not technical or matters of common knowledge but are particular objects and acts the existence and occurrence of which the state must prove and, therefore, they should be directly alleged.

The statute provides that the unlawful influence must be upon some "other public officer, agent, servant or employee" while the information alleges it was upon "the Brevard County Commissioners or any of them". The statute contemplates and prohibits influence upon some other individual public officer or employee. The information should identify such person or persons by name and allege that they are such public officers or employees. The statute also requires that the purchased and prohibited influence must relate to some matter, question, cause or proceeding that may be pending or may by law be brought before the other public officer or employee. The information fails to aver that "the purchase of a warehouse owned by Fisher Construction Company" was such a matter.[4] Where a criminal statute prohibits certain acts but does not define the acts to a legal certainty then the information must particularly and definitely allege the act committed and aver that it constitutes the act prohibited so that a court can determine as a matter of law whether the alleged act is within the intent and meaning of the statute.[5]

The defendant has a right under the rules of criminal procedure to obtain details by a statement of particulars, Rule 1.140 (n), CrPR, or motion to produce, Rule 1.220(b) and (3), CrPR, but these matters are largely discretionary with the trial judge and, in any event, they cannot validate an invalid information. The accused has a constitutional right to be informed of the accusations against him by a fair and accurate charging

---

3 The information should particularly and definitely allege the object allegedly requested, solicited or accepted and aver that it constitutes either money, property or a valuable thing (or thing of value) so that a court can determine as a matter of law whether the alleged object is within the statutory classification. See Note 5 below and Brunson v. State, 1915, 70 Fla. 387, 70 So. 390.

4 See Streeter v. State, 89 Fla. 400, 104 So. 858, 859.

5 State v. Mayo, Fla. S.Ct. 1944, 19 So.2d 883; Kittleson v. State, Fla. 1942, 9 So.2d 807.

document. This right is not within the discretion of any court. The provisions of section 11 of the declaration of rights of the state constitution and the sixth amendment to the federal constitution require that one charged with a crime be informed of the nature of the crime and accusations against him. [6] An information which fails to contain specifications sufficient to do this is fatally defective, wholly fails to state any offense against the laws of the state, is wholly void and must be dismissed. [7]

Section 12 of the declaration of rights of the state constitution and the fifth amendment to the federal constitution prohibit any person to be twice put in jeopardy for the same offense. If acts and objects in criminal charges are alleged in the broad generic terms of statutory prohibitions rather than in the ultimate facts of the particular case, then after one trial the same evidence might again be used by the state to support, as proof, another vague but differently worded charge; or, conversely, the state might be barred from prosecuting a similar but entirely separate criminal act because it falls within the broad language of a prior charge. Also, a defendant may not know which of many different acts or objects the state intends to present as proof of a broad class-type allegation and he may thereby be mislead. The accused should not be required to guess what his accuser had in mind or what the prosecutor intends to prove. He should not only be apprised and protected, he should be saved from needless labor and expense in preparing his defense.

The information fails to set out the essential facts constituting the offense charged with sufficient certainty to notify the defendant fully as to the charge against him, and is so vague, indistinct and indefinite as to mislead or embarrass him in the preparation of his defense, and to expose him hereafter to sub-

---

6 Many of the cases considering the question of the sufficiency of allegations in informations do not approach the problem from the direction of the constitutional requirement and all statutes and rules relating to the sufficiency of indictments and informations are necessarily subject to the constitutional concept and purpose. The Supreme Court has apparently not thought §906.14, F. S., relating to indirect allegations, worthy of being incorporated into the new rules effective December 31, 1967. See Committee Note (K) to Rule 1.140, CrPR. Statutes, such as §906.14, F. S., contribute nothing to the solution of the problem of constitutional sufficiency of allegations in formal criminal charging documents.

7 State v. Whisnant, Fla. S.Ct. 1955, 80 So.2d 611.

stantial danger of another prosecution for the same offense (Rule 1.140(o), CrPR).

It is therefore ordered and adjudged that the motion of the defendant to dismiss the information filed herein is granted and said information is dismissed. This order is final and appealable (§924.07(1), F. S.). The defendant is now at liberty released on his own recognizance. If the state does not file an amended information within twenty days of the date of this order, the defendant shall be released from his personal undertaking and, as to these charges, may go hence without day.