353 So.2d 150 (1977)
STATE of Florida, Appellant,
v.
Milton Talliaferro CADIEU, Appellee.
No. FF-141.
District Court of Appeal of Florida, First District.
November 29, 1977.
Rehearing Denied January 13, 1978.
Robert L. Shevin, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., Raymond T. McNeal, Asst. State Atty., for appellant.
John E. Futch, Fore & Futch, P.A., Ocala, for appellee.
SMITH, Judge.
The State appeals from a trial court order arresting judgment on Cadieu's conviction for violation of Section 800.04, Florida Statutes (1975), providing:
"Any person who shall handle, fondle or make an assault upon any child under the age of 14 years in a lewd, lascivious or indecent manner ... without the intent to commit involuntary sexual battery shall be guilty of a felony of the second degree... ."
Following a jury verdict of guilty, the court on Cadieu's motion arrested judgment and discharged Cadieu on the ground "The information upon which the Defendant was tried is so defective that it will not support a conviction... ." Fla.R.Cr.P. 3.610(a)(1). We reverse.
The information charged in four counts that Cadieu on stated dates "did *151 unlawfully handle, fondle or make an assault upon [name] a female child of the age of [under 14 years] in a lewd, lascivious or indecent manner, without the intent to commit Involuntary Sexual Battery... ." The trial court held the information fatally vague because it did not specify the "lewd, lascivious or indecent manner" in which the accused allegedly handled the children. Had the information been timely challenged before or upon arraignment, by motion to dismiss pursuant to Fla.R.Cr.P. 3.190(b) and (c), we would unhesitatingly agree with the trial court that the information fails to give the accused adequate notice of the particular act of which he was accused. State ex rel. Swanboro v. Mayo, 155 Fla. 330, 19 So.2d 883 (1944). But, because no such motion was made  we disregard as dehors the record and as not quite relevant the representation in Cadieu's brief that an oral motion to dismiss was made "at the commencement of the trial"  the information is to be judged post-trial by a different and more liberal standard. Fountain v. State, 92 Fla. 262, 109 So. 463 (1926). The information is cast in the statutory language. Though it is imperfect because it does not descend from statutory generalities to essential particulars, the information is not so defective that it "will not support a judgment of conviction" and is vulnerable to initial post-trial attack. When confronted with an information that is defective only in failing to charge particulars within a generic statutory description of proscribed conduct, the accused must either challenge the information by motion, thus providing opportunity for a new and curative information, or be satisfied with resolving his doubts by discovery and a motion for statement of particulars. The law does not favor a strategy of withholding attack on the information until the defendant is in jeopardy, then moving to bar the prosecution entirely. Sinclair v. State, 46 So.2d 453 (Fla. 1950).
Swanboro, which supports Cadieu's criticism of this information, was rendered after conviction on petition for habeas corpus at a time when Section 920.05, Florida Statutes (1941), provided for arrest of judgment on the ground "the indictment or information does not charge an offense." The corresponding ground of present Rule 3.610(a)(1) is that the indictment or information "is so defective that it will not support a conviction." The change was made
"to better take into account the fact that an accusatorial writ which would not withstand a motion to qaush (dismiss) might well support a judgment of conviction if no such motion is filed." Committee Note on Rule 3.610, 34 F.S.A. 229 (1975).
REVERSED.
MILLS, Acting Chief Judge, concurs.
ERVIN, J., specially concurring.
ERVIN, Judge, specially concurring.
While the grounds for motions in arrest of judgment have been modified since State ex rel. Swanboro v. Mayo, 155 Fla. 330, 19 So.2d 883 (1944) was decided, the relevant language here has not been. Ch. 19554, Section 242, Laws of Florida (1939) provided:
"Judgment shall be arrested only on one or more of the following grounds:
* * * * * *
(d) That the defendant was convicted of an offense for which he could not be convicted under the indictment or information... ."
Fla.R.Crim.P. 3.610(a) states:
"The Court shall grant a motion in arrest of judgment only on one or more of the following grounds:
* * * * * *
(4) That the defendant was convicted of an offense for which he could not be convicted under the indictment or information under which he was tried."[1]
*152 The standard for arresting judgment is the same now as when Swanboro was decided. Convictions must fall under an information wholly failing to charge an offense. Compare Catanese v. State, 251 So.2d 572 (Fla. 4th DCA 1971). If the Swanboro rule is applicable here, so that Cadieu's information is fatally vague, then we have no alternative but to affirm.
However, the informations are, I think, materially different. Swanboro was charged by an information with
"a lewd and lascivious act in the presence of children under the age of fourteen years, to wit: in the presence of Ola Artie Pittman and Ann Weems, without intent to commit rape upon such children (Sec. 800.04 1943) contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Florida."
The information in this case charged that Cadieu did "unlawfully handle, fondle or make an assault upon [name] a female child of the age of [under fourteen years] in a lewd, lascivious or indecent manner, without the intent to commit involuntary sexual battery... ."
The Supreme Court in Swanboro, upon a post-conviction petition for writ of habeas corpus, held the criminal act must be definitely and precisely set out in the information because of the inherent vagueness of the terms "lewd and lascivious." Had Cadieu been charged only with a lewd and lascivious act, then clearly in my opinion the information would be properly subject to a motion for arrest; however the words "lewd and lascivious" merely modified the acts of handling, fondling or assaulting a named child. In my view these additional words were sufficient to place a defendant on notice of his improper conduct. Compare Adams v. Culver, 111 So.2d 665 (Fla. 1959), in which a defendant was charged with "a lewd and lascivious act before ..., a female, aged eleven years, by exhibiting a lewd and pornographic picture in the presence of said minor female, without intent to commit rape." The Supreme Court held the allegations adequately apprised the petitioner of "the nature and cause of the accusation against him," and protected him from any subsequent prosecution for the same offense.
It is on this ground that I concur with the reversal of the order arresting judgment.
NOTES
[1] While one of the statutory grounds was different from that presently stated in Rule 3.610(a), the grounds as to both statute and rule are stated in the alternative. A defendant need only rely on one of the four in order to seek relief.