352 So.2d 1236 (1977)
Arnold DOBY, Appellant,
v.
STATE of Florida, Appellee.
No. FF-461.
District Court of Appeal of Florida, First District.
November 30, 1977.
Rehearing Denied January 10, 1978.
Michael J. Minerva, Public Defender, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and Patti Englander, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant Doby, an inmate at Union Correctional Institute, was convicted of possession of marijuana and introduction of contraband into a state correctional facility after prison officers found envelopes of the drug secreted in his wheelchair upon Doby's return from a furlough. Doby contends the evidence was insufficient to show he knew the marijuana was in his chair. We agree.
When the premises on which contraband is found are not in the defendant's exclusive control the State must prove the defendant knew of the contraband. Rutskin v. State, 260 So.2d 525 (Fla. 1st DCA 1972); Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967). Doby's uncontradicted testimony showed a number of other inmates often had access to the wheelchair out of his presence. The State's own witnesses established that Doby would not have become aware of the envelopes simply by sitting in the chair. No direct evidence connected Doby to the envelopes. The evidence suggesting Doby knew of the marijuana is entirely circumstantial, and that evidence also reasonably supports an inference that Doby was unaware of it. To support a conviction circumstantial evidence must exclude every reasonable hypothesis of innocence. Davis v. State, 90 So.2d 629 (Fla. 1956). The trial court should have granted Doby's motion for judgment of acquittal.
REVERSED.
MILLS, Acting C.J., and ERVIN, J., concur.