PER CURIAM.
Gary Dilworth, appeals his conviction for unemployment fraud urging that the trial court erred in denying his motion to dismiss the information. We agree and reverse.
Mr. Dilworth moved to dismiss a 15 count information charging him with unemployment fraud, on the grounds that it was *1126 fatally vague. The information tracked the statutory language, but failed to state any of the specific acts constituting the fraud. The trial judge agreed that the information was deficient but ruled that it could be cured by a statement of particulars and denied the motion to dismiss. Mr. Dilworth pleaded nolo contendere to count I, reserving his right to appeal.
Although it is generally true that an indictment or information charging a crime substantially in the language of a statute is sufficient, this is not true when the statutory language does not adequately state the particular circumstances making up the offense. Mills v. State, 58 Fla. 74, 51 So. 278 (1910). The Florida Supreme Court in Rosin v. Anderson, 155 Fla. 673, 21 So.2d 143, 144 (1945), stated the rule thusly:
[Wjhere the definition of an' offence whether by a rule of the common law or by statute, includes generic terms (as it necessarily must) it is not sufficient that the indictment should charge the offence in the same generic terms as in the definition, but it must state the species — it must descend to particulars.
Accord State v. Cadieu, 353 So.2d 150 (Fla. 1st DCA 1977).
A statement of particulars is not part of the pleadings in a criminal case, Smith v. State, 253 So.2d 465 (Fla. 1st DCA 1971) and a statement of particulars cannot cure an information which is fundamentally defective in failing to give a defendant adequate notice of the charges against which he must defend. Black v. State, 360 So.2d 142 (Fla. 2d DCA 1978), cert. granted (Fla.1978), Kelly v. State, 92 So.2d 172 (Fla.1957). The purpose of a bill of particulars is not to cure an information defective on its face, but to provide the defendant with greater detail of an accusation properly charged. Middleton v. State, 74 Fla. 234, 76 So. 785 (1917).
It is the state’s duty to properly charge a defendant with a crime, Fla.R. Cnm.P. 3.140(d) and a defendant is not required to request a statement of particulars. Cadieu, supra.
Reversed and remanded for proceedings consistent with this opinion.
ROBERT P. SMITH, Jr., and SHIVERS, JJ., concur.
BOOTH, J., dissents.