392 So.2d 1321 (1981)
STATE of Florida, Appellant,
v.
DeCarr D. COVINGTON and Arthur Rodriguez, Appellees.
No. 57889.
Supreme Court of Florida.
January 15, 1981.
*1322 Jim Smith, Atty. Gen., and James S. Purdy, Asst. Atty. Gen., Tampa, for appellant.
Ronald K. Cacciatore, Tampa, Charles D. Waller, Dade City, and Paul B. Johnson of Gregory, Cours, Paniello, Johnson, Hayes & Hoft, Tampa, for appellees.
BOYD, Justice.
This appeal is from a judgment of the Circuit Court of the Sixth Judicial Circuit, in and for Pasco County. We have jurisdiction because the trial court declared a state law invalid. Art. V, § 3(b)(1), Fla. Const. (1972).
Appellees Covington and Rodriguez were members of the governing board of the Lake Padgett Estates East Road and Bridge District, a special taxing district in Pasco County. In a one hundred and three (103) count information, the state charged them with numerous offenses arising out of their performance of their duties as district board members. Two counts of the information charged violations of section 517.301(1)(c), Florida Statutes (1977), an antifraud provision in the Sale of Securities Law.
The defendants moved to dismiss the information, arguing numerous grounds. With regard to the two counts charging violation of section 517.301(1)(c), the grounds of the motion included the contention that the information failed to charge the crime with sufficient specificity.
The court granted the motions to dismiss. The state appeals the order of dismissal, but only as to the two counts of violating the securities law. The dismissal of the one hundred and one other counts of alleged wrongdoing has not been appealed and is not before us. The court dismissed the two securities counts  counts 99 and 100  on the ground that section 517.301(1)(c) is unconstitutionally vague.
The state contends that the court erred in holding the statute to be vague and cites numerous state and federal authorities for the proposition that it is constitutional.
It is a "settled principle of constitutional law that courts should not pass upon *1323 the constitutionality of statutes if the case in which the question arises may be effectively disposed of on other grounds." Singletary v. State, 322 So.2d 551, 552 (Fla. 1975); Mounier v. State, 178 So.2d 714 (Fla. 1965). Even though we may decline to reach the constitutional question upon which the trial court's ruling was based, we can still affirm the order under review on other grounds. See, e.g., Cohen v. Mohawk, Inc., 137 So.2d 222 (Fla. 1962); City of Miami Beach v. 8701 Collins Ave., Inc., 77 So.2d 428 (Fla. 1954); Colcord v. Conroy, 40 Fla. 97, 23 So. 561 (1898).
Section 517.301(1), Florida Statutes (1977), provides:
It is unlawful, and a violation of the provisions of this part, for any person:
(1) In the sale or purchase of any security in this state, including any security exempted under the provisions of s. 517.05, and including any securities sold in any transaction exempted under the provisions of s. 517.06, directly or indirectly:
(a) To employ any device, scheme, or artifice to defraud;
(b) To obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading;
(c) To engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any person in connection with the purchase or sale of any security.
Florida Rule of Criminal Procedure 3.140 contains the following provisions:
(b) Nature of Indictment or Information. The indictment or information upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.
.....
(d) The Charge.
(1) Allegation of Facts; Citation of Law Violated. Each count of an indictment or information upon which the defendant is to be tried shall allege the essential facts constituting the offense charged. In addition, each count shall recite the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged to have violated. Error in or omission of the citation shall not be ground for dismissing the count or for a reversal of a conviction based thereon if the error or omission did not mislead the defendant to his prejudice.
.....
(3) Time and Place. Each count of an indictment or information upon which the defendant is to be tried shall contain allegations stating as definitely as possible the time and place of the commission of the offense charged in the act or transaction or on two or more acts or transactions connected together, provided the court in which the indictment or information is filed has jurisdiction to try all of the offenses charged.
Count ninety-nine of the information charged that the appellees, during the period from September, 1972 to January, 1979,
did directly or indirectly engage in transactions, practice or course of business with regard to the sale of the bonds of Lake Padgett Estates East Road and Bridge District, Extension No. 3, Pasco County, Florida, which operated as a fraud or deceit upon the said bondholders in connection with their purchase of the said bonds ... contrary to Chapter 517.301(1)(c)... .
Count 100 was worded exactly the same way except that it referred to extension no. 1 of the district. The information followed closely the statutory language.
When an indictment or information charges a crime substantially as defined in the statute denouncing it, it is generally sufficient, where the statutory language and the descriptive details state the nature and the cause of the accusation without misleading the accused in concerting his defense. Finch v. State, 116 Fla. 437, 156 So. 489 (1934). As a necessary *1324 corollary to this rule, this Court has held that when the charging document substantially follows the statute, if the information as a whole is still vague, indefinite, inconsistent, or calculated to mislead the defendant in the preparation of his defense, or expose him to the danger of a second prosecution, it is not sufficient. State v. Russee, 68 So.2d 897 (Fla. 1953). To remedy such insufficiency, the information must be supplemented by other factual allegations which set out the acts alleged to constitute the offense with precision and particularity. State ex rel. Swanboro v. Mayo, 155 Fla. 330, 19 So.2d 883 (1944). This may be necessary when the statute defines the offense in general terms and the accusation using the statutory language does not clearly and specifically apprise the accused of what he must defend against. See, e.g., Rosin v. Anderson, 155 Fla. 673, 21 So.2d 143 (1945); Mills v. State, 58 Fla. 74, 51 So. 278 (1910); State v. Barnett, 344 So.2d 863 (Fla.2d DCA 1977).
In the instant case, the information merely tracked the statute. The offense is there defined in broad, general terms. There was no supplemental description of the alleged misconduct. Without more particular factual allegations, the information failed to convey notice of the accusations with sufficient precision and clarity.
The question of the sufficiency of the information was before the trial court, having been raised by the appellees in their motions to dismiss. We believe the court should have granted the motions on this ground. We disapprove of the court's ruling that section 517.301(1)(c) is unconstitutional.
We affirm, therefore, the order dismissing the information as to counts 99 and 100. The cause is remanded to the trial court for further proceedings consistent with this opinion.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVERTON, ALDERMAN and McDONALD, JJ., concur.
ENGLAND, J., dissents with an opinion.
ENGLAND, Justice, dissenting.
I would decide the constitutional issue presented in this case on which the trial court expressly ruled. The sufficiency of the informations was neither raised on this appeal nor briefed and argued here by any of the parties.