397 So.2d 292 (1981)
STATE of Florida, Petitioner,
v.
Gary L. DILWORTH, Respondent.
No. 58461.
Supreme Court of Florida.
April 9, 1981.
*293 Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for petitioner.
Steven H. Parton, Asst. Public Defender, Tallahassee, for respondent.
McDONALD, Justice.
This case is before us on a petition for writ of certiorari to review a decision of a district court, reported at 381 So.2d 1125 (Fla. 1st DCA 1979). Because that court's decision conflicts with Leeman v. State, 357 So.2d 703 (Fla. 1978), and Johnson v. State, 351 So.2d 10 (Fla. 1977), we have jurisdiction. Art. V, § 3(b)(3), Fla. Const. (1972). We disapprove the district court decision.
Dilworth was charged by information with fifteen counts of unemployment compensation fraud. Except for the dates, the language of each count is virtually identical. Count I reads:
[The defendant] on the 17th day of April, 1976, in the County of Gadsden and State of Florida, did then and there knowingly make a false statement or representation, or knowingly fail to disclose a material fact, to obtain or increase unemployment benefits for himself from the Bureau of Unemployment Compensation, to which he was not lawfully entitled at such time, contrary to Section 443.22(1), Florida Statutes.
Dilworth moved to dismiss the information for vagueness because, while it tracked the statutory language,[1] it failed to recite any of the specific misrepresentations which caused the fraud. The trial court denied the motion, and Dilworth pled nolo contendere reserving his right to appeal the trial court ruling. Accepting Dilworth's vagueness argument, the district court reversed.
An information must be quashed for vagueness on a motion to dismiss only if it is "so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense." Fla.R.Crim.P. 3.140(o); State v. Black, 385 So.2d 1372 (Fla. 1980); Martinez v. State, 368 So.2d 338 (Fla. 1978); State v. Smith, 240 So.2d 807 (Fla. 1970).
While in some cases an offense may be adequately charged by reciting the statute,[2] a mere recitation is not sufficient if the statutory language is so generic that it fails to inform the defendant specifically what allegedly criminal acts he committed. Thus, in State ex rel. Swanboro v. Mayo, 155 Fla. 330, 19 So.2d 883 (1944) (en banc), we required the prosecutor to allege what acts of the accused were lewd and lascivious in an information which, using the statutory language, charged only that the defendant "did ... knowingly commit a lewd and lascivious act." The concern in that the case was that the characterization of acts as *294 lewd and lascivious might reasonably differ between persons or with the passage of time. In other words, the term lewd and lascivious is not specific enough to inform the defendant of the criminal acts he allegedly committed.
We recently struck down for vagueness an information which tracked the statutory language. State v. Covington, 392 So.2d 1321 (Fla. 1981). In that case the information charged that the defendant
did directly or indirectly engage in transactions, practice or course of business with regard to the sale of the bonds of Lake Padgett Estates East Road and Bridge District, Extension No. 3, Pasco County, Florida, which operated as a fraud or deceit upon the said bondholders in connection with their purchase of the said bonds ... contrary to Chapter 517.301(1)(c)... .
A mere allegation that an accused engaged in fraudulent transactions, practices, or course of business is not specific enough to inform a defendant of what he allegedly did wrong.
Citing State v. Cadieu, 353 So.2d 150 (Fla. 1st DCA 1977), the district court held that the Dilworth information is couched in generic terms which do not adequately inform the defendant of the actions with which he is charged. The language of Cadieu, a lewd and lascivious assault case, relies on the rationale of Swanboro that one must specifically allege the acts which constitute a lewd and lascivious act. The Swanboro concerns, however, do not apply to the instant case involving the making of false representations to obtain unemployment benefits. Unlike lewd and lascivious act, the terms false statement, false representation, and failure to disclose a material fact are not so vague that a defendant is not informed of what he did wrong. If the defendant wants to know more detail as to what occurred he may, of course, seek a statement of particulars.
Our holding is consistent with our recent decision in Leeman in which we sustained the following information:
[The defendant] did unlawfully, feloniously, and knowingly make or possess, for purposes of avoiding or attempting to avoid payment for long distance telecommunication services, an electronic device capable of duplicating tones of sound utilized in long distance telecommunications, to wit: A BLUE BOX, in violation of 817.482, Florida Statutes.
357 So.2d at 704. The statute upon which that information was based read:
Any person who shall make or possess, for purposes of avoiding or attempting to avoid payment for long distance telecommunication services, any electronic device capable of duplicating tones or sounds utilized in long distance telecommunications shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 817.482(2), Fla. Stat. (1975). Accord, Johnson.
With the advent of Florida's liberal discovery rules in criminal cases, along with the availability of a statement of particulars, a defendant is no longer forced to obtain information about the charge only from the charging document. While these discovery tools generally cannot cure a fatally vague charging document,[3] they do reduce the danger of a defendant's being in doubt as to the specifics of his alleged wrongdoing or of his being subjected to a new charge arising from the same act.[4] In other words, an information is legally sufficient if it expresses the elements of the offense charged in such a way that the accused is neither misled or embarrassed in the preparation of his defense nor exposed to double jeopardy. The present information satisfies this requirement.
The decision of the district court is quashed, and this case is remanded for further *295 proceedings consistent with this opinion.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVERTON and ALDERMAN, JJ., concur.
NOTES
[1] The pertinent statute is section 443.22(1), Florida Statutes (1975), which reads:

Whoever makes a false statement or representation, knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase any benefits or other payment under this chapter or under an employment security law of any other state, of the Federal Government, or of a foreign government, either for himself or for any other person, shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084; and each such false statement or representation or failure to disclose a material fact shall constitute a separate offense.
[2] See, e.g., Leeman v. State, 357 So.2d 703 (Fla. 1978); Johnson v. State, 351 So.2d 10 (Fla. 1977).
[3] See State v. Black, 385 So.2d 1372 (Fla. 1980) (indictment); Kelly v. State, 92 So.2d 172 (Fla. 1956) (en banc) (information).
[4] See Art. I, §§ 9, 16, Fla. Const.; Fla.R.Crim.P. 3.140.