BOOTH, Judge.
The State of Florida appeals from a Circuit Court order dismissing the indictments charging the defendants, Robin L. Robson and Jan Pozin, with grand theft. The indictments, following the language of Florida Statutes, Section 812.014, are all in substantially the same form, varying only as to date and the particulars of the charge, as follows:
[Appellees], in the County of Clay and State of Florida, did knowingly obtain or use or endeavor to obtain or use money of a value of One Hundred Dollars ($100.00) or more but less than $20,000.00, the property of CLAY COUNTY, BOARD OF COUNTY COMMISSIONERS, pertaining to money toward the employment *769 of ROBIN L. ROBSON, with intent to deprive the other person of a right to the property or benefit therefrom, or with intent to appropriate the property to their own use or to the use of any person not entitled thereto, contrary to the provisions of Section 812.014, Florida Statutes.
The trial judge found that dismissal was required by Dilworth v. State, 381 So.2d 1125 (Fla. 1st DCA 1979), which held that the information charging unemployment fraud in the language of the statute[1] was insufficient because it failed to set out the specific acts constituting the fraud.
Subsequent to the trial judge’s dismissal in the instant case and pending appeal in this court, the Florida Supreme Court, in State v. Dilworth, 397 So.2d 292 (Fla.1981), quashed the decision of this court in Dilworth and held that the indictment tracking the statutory language was sufficient. The Supreme Court in Dilworth, supra, holds:
With the advent of Florida’s liberal discovery rules in criminal cases, along with the availability of a statement of particulars, a defendant is no longer forced to obtain information about the charge only from the charging document. ... [A]n information is legally sufficient if it expresses the elements of the offense charged in such a way that the accused is neither misled or embarrassed in the preparation of his defense nor exposed to double jeopardy.
The present indictments satisfy the foregoing requirements.
Accordingly, this case is reversed and remanded for further proceedings consistent with this opinion.
ERVIN and JOANOS, JJ., concur.

. Information in Dilworth, supra, charged violation of § 443.22(1), Florida Statutes (1975), in 15 counts virtually identical except for dates, as follows:
[The defendant] on the 17th day of April, 1976, in the County of Gadsden and State of Florida, did then and there knowingly make a false statement or representation, or knowingly fail to disclose a material fact, to obtain or increase unemployment benefits for himself from the Bureau of Unemployment Compensation, to which he was not lawfully entitled at such time, contrary to Section 443.-22(1), Florida Statutes.