418 So.2d 271 (1982)
William Arthur BEATTY, Appellant,
v.
STATE of Florida, Appellee.
Nos. 81-1001, 81-1002.
District Court of Appeal of Florida, Second District.
June 18, 1982.
Rehearings Denied August 20, 1982.
John Oliver Ellis, Jr., and James K. Jenkins of Stroup, Goldstein, Jenkins & Pritzker, Atlanta, and Wilbur C. Smith, III, of Smith, Carta & Ringsmuth, Fort Myers, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Lester Adams, III, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The state charged appellant in separate informations with conspiracy to traffic in cannabis and violation of the RICO statute. Following pretrial proceedings, appellant pled nolo contendere to both informations, reserving the right to appeal the denial of certain motions. The court sentenced him to concurrent eight year prison terms.
The only point on appeal which merits discussion relates to appellant's challenge of the sufficiency of the RICO information. This information alleged that various persons, including appellant,
At divers times between June 16, 1979, and August 1, 1979, and on a continuing *272 basis, in Lee County, Florida, knowingly, willfully, feloniously, intentionally, and unlawfully, was employed by, or associated with, an enterprise as defined by F.S. 943.461, to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity in derogation of F.S. 943.462(3), and during said period of June 16, 1979-August 1, 1979, in Lee County, Florida, did engage in at least two incidents of racketeering conduct; to-wit: Conspiracies to Commit Violations of F.S. Ch. 893, relating to drug abuse prevention and control, the said conspiracies having the same or similar intents, results, accomplices, victims, or methods of commission or otherwise being interrelated by distinguishing characteristics and not being isolated incidents, and having occurred after the effective date of Sections 943.46  943.464, F.S., and the last of which such incidents having occurred within 5 years after a prior incident of racketeering conduct.
We agree with the appellant that the information was legally insufficient.
In order to be convicted for violation of the RICO statute, the defendant must have engaged in at least two incidents of racketeering activity. Dean v. State, 414 So.2d 1096 (Fla. 2d DCA 1982). Under section 943.461, Florida Statutes (1979), racketeering activity includes conspiring to commit a crime chargeable under enumerated provisions of the criminal law, one of which is "chapter 893, relating to drug abuse prevention and control." The state attempted to allege the two predicate offenses only by tracking this statutory language.
An information charging a crime in the language of a statute may suffice if the statutory language adequately states the allegedly criminal acts. State v. Dilworth, 397 So.2d 292 (Fla. 1981). Yet, when the information remains vague or calculated to mislead the defendant in the preparation of his defense, it must be supplemented by appropriate allegations of the particular acts deemed to constitute the offense. State v. Covington, 392 So.2d 1321 (Fla. 1981). Informations which charge conspiracy are subject to special scrutiny. Goldberg v. State, 351 So.2d 332 (Fla. 1977). While it may be unnecessary to allege the predicate offenses underlying a RICO charge with the same particularity as if they were separately charged, the accused must be apprised of what to defend against. Here, at the very least, the state should have designated which of the myriad of crimes proscribed by chapter 893 the appellant conspired to commit.
The state's contention that the information conforms to the standards set forth in State v. Whiddon, 384 So.2d 1269 (Fla. 1980), is not well founded. A careful reading of that case indicates that the court only concluded that the allegation of a RICO "enterprise" could be properly couched in the statutory language. The court did not pass on the sufficiency of the allegations of the predicate offenses. If there is any doubt about this, reference to United States v. Elliott, 571 F.2d 880 (5th Cir.1978), cited by the supreme court as involving a similar indictment, reflects that the predicate charges were alleged with particularity.
We affirm the appellant's conviction for conspiracy but reverse the judgment of guilt under the RICO statute and remand that case for further proceedings in the event the state wishes to renew prosecution.
GRIMES, A.C.J., and OTT and CAMPBELL, JJ., concur.