JOANOS, Judge.
The State appeals an order granting Ap-pellee’s motion to dismiss an information as being defective in that the element of knowledge was not alleged. We reverse.
It was alleged in the information that Appellee, an inmate at Florida State Prison, had in his possession or under his control a weapon, specifically a homemade knife. The allegations tracked the language of Section 944.43, Florida Statutes (1979) and Fla.Admin.Code Rule 33-3.06.[1] In a search of appellee’s cell, officers had found a plexiglass knife about nine and a half inches long concealed in a box which was allegedly labeled with appellee’s name and allegedly contained his property. In the motion to dismiss the defense contended that certain deposition testimony showed that the charge was actually based on constructive possession, therefore the information was deficient in failing to allege that appellee had knowledge of the contents of the box. The trial court granted the motion to dismiss, ruling that the information was defective for failure to include the word “knowingly,” even though the information tracked the language of the statute.
The primary authority cited in support of the trial court’s ruling is Doby v. State, 352 So.2d 1236 (Fla. 1st DCA 1977), in which an inmate had been found guilty of possession of marijuana and introduction of contraband into a state correctional facility. The contraband had been found concealed in *853 Doby’s wheelchair. This court reversed the denial of a motion for judgment of acquittal, determining that the evidence was insufficient to show Doby knew the marijuana was in the chair. “When the premises on which contraband is found are not in the defendant’s exclusive control the State must prove the defendant knew of the contraband.” Id.
The Doby case does not control in the instant situation. There is an obvious difference between the sufficiency of proof and the adequacy of allegations in an information. In the instant case, it was enough to allege the element of possession. While the State will have to present sufficient evidence to prove either actual or constructive possession and will have to prove knowledge if constructive possession is the theory relied on, possession is the essential element rather than knowledge. The sufficiency of the proof of possession is not an issue here.
“[A]n information is legally sufficient if it expresses the elements of the offense charged in such a way that the accused is neither misled or embarrassed in the preparation of his defense nor exposed to double jeopardy.” State v. Dilworth, 397 So.2d 292 (Fla.1981). The information in the present case meets this test of legal sufficiency. Appellee points out that in State v. Covington, 392 So.2d 1321 (Fla.1981), the court held inadequate an information which tracked the language of the statute, which was couched in broad general terms, but gave no supplemental description of the alleged misconduct. The allegations in Covington, dealing with “fraudulent transactions, practices, or course of business [were] not specific enough to inform a defendant of what he allegedly did wrong.” 397 So.2d at 294. The allegations in the instant case are sufficient to inform appellee of what he allegedly did wrong.
A defendant may obtain a statement of particulars “when the indictment or information upon which the defendant is to be tried fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense.” Fla.R.Crim.P. 3.140(n). The Florida Supreme Court in Dilworth noted:
With the advent of Florida’s liberal discovery rules in criminal cases, along with the availability of a statement of particulars, a defendant is no longer forced to obtain information about the charge only from the charging document. While these discovery tools generally cannot cure a fatally vague charging document, they do reduce the danger of a defendant’s being in doubt as to the specifics of his alleged wrongdoing or of his being subjected to a new charge arising from the same act.
The order granting the motion to dismiss is REVERSED and the case is REMANDED for further proceedings in light of this opinion.
LARRY G. SMITH and THOMPSON, JJ., concur.

. Section 944.43 Florida Statutes (1979) provides:
Possession of a weapon; penalty. — Every prisoner committed to the custody of the department who, while in such custody, possesses or carries upon his person or has under his control any instrument or weapon of any kind or any explosive substance, contrary to any rule or regulation promulgated by the department, is guilty of a felony of the third degree, punishable as provided in s.775.082, s.775.083, or s.775.084.
Fla.Admin.Code Rule 33-3.06(2) provides:
No inmate shall have in his possession or under his control any firearm or any instrumentality customarily used or designed to be used as a dangerous weapon, or any explosive substance. Inmates may use such tools and implements as are assigned to them by and under the supervision of authorized personnel.