DAUKSCH, Judge.
This is an appeal from a conviction for bookmaking, a violation of section 849.25, Florida Statutes (1981). The information charges:
. . . that Pasquale Thomas Leonetti, between September 1, 1979 and October 23, 1979 .. . did then and there engage in bookmaking contrary to Florida Statutes 849.25.
The appellant filed a motion at trial to dismiss the information on the basis that it was so vague and indefinite that it would not prevent multiple prosecutions for the same offense. See Rule 3.140(o), Florida Rule of Criminal Procedure.
The information in this case is as vague and indistinct as the information in State v. Covington, 392 So.2d 1321 (Fla. 1981), where the following allegations were ruled to be fatally deficient:
That the appellees, during the period from September, 1972 to January, 1979, “did directly or indirectly engage in transactions, practice or course of business with regard to the sale of the bonds of Lake Padgett Estates East Road and Bridge District, Extension No. 3, Pasco County, Florida, which operated as a fraud or deceit upon the said bondholders in connection with their purchase of the said bonds . . . contrary to Chapter 517.-301(l)(c). ...”
In State v. Dilworth, 397 So.2d 292 (Fla. 1981), the court held: “A mere allegation that an accused engaged in fraudulent transactions, practices, or course of business is not specific enough to inform a defendant of what he allegedly did wrong” and “an information is legally sufficient if it expresses the elements of the offense charged in such a way that the accused is neither misled or embarrassed in the preparation of his defense nor exposed to double jeopar *1194 dy.” Id. at 294. (emphasis supplied). In this case there are no elements expressed, thus the information is so vague and indefinite that it violates Article I, Section 16 of the Constitution of the State of Florida and Article VI of the Articles in Amendment of the Constitution of the United States of America. This information is, on its face, as constitutionally deficient as would be one which merely charged that one “did in violation of Florida Statute 784.04 commit the crime of murder” or that one “did in violation of Chapter 810 engage in burglary” or that one “engaged in theft in violation of Florida Statute 812.014.”
Section 849.25 limits the acts which would constitute the offense of bookmaking by its definition of bookmaking in subsection (1) which states:
(1) The term “bookmaking” means the act of taking or receiving any bet or wager upon the result of any trial or contest of skill, speed, power, or endurance of man or beast or between men, beasts, fowl, motor vehicles, or mechanical apparatus or upon the result of any chance, casualty, unknown, or contingent event whatsoever.
In order for an information to charge a crime sufficiently it must follow the statute, and charge each of the essential elements and sufficiently advise the accused of the specific crime with which he is charged. In a case of bookmaking, an information would be sufficient to charge the accused if it alleges the time and place, as is best known to the state, when and where the accused took or received a bet or wager concerning the result of the contest, trial, or event described in the statute. After all, the state must prove at trial what facts it maintains constitutes the violations of the statute; what burden is it to put in writing, before trial, the essential elements of the crime as alleged against the accused?
Because the information charging the appellant is fatally deficient we reverse the conviction of the appellant.
REVERSED.
COBB, J., concurs.
SHARP, J., dissents with opinion.