SCHEB, Acting Chief Judge.
In this appeal defendant, Charles E. Long, challenges his convictions for trafficking in cocaine, delivery of methaqua-lone, racketeering, and three counts of conspiracy to traffic in cannabis. We have examined each of defendant’s contentions and find merit only to his challenge to his conviction for racketeering.
Defendant was charged with violating Florida’s Racketeer Influenced and Corrupt Organization [RICO] Act, section 943.462, Florida Statutes (1979). The state’s information charging him with the offense is the same information we held insufficient in Beatty v. State, 418 So.2d 271 (Fla. 2d DCA 1982), and Bowers v. State, 418 So.2d 272 (Fla. 2d DCA 1982). The state argues that the instant case is not controlled by Beatty and Bowers because here a bill of particulars was incorporated into the information, thereby effectively curing the insufficiency noted in those recent decisions.
We do not reach this argument. Even if a bill of particulars could amend the information, the bill of particulars here would *1265 not cure the problem addressed in Beatty as it failed to designate which of the myriad crimes proscribed by chapter 893 the defendant was charged with conspiring to commit. See Beatty. Therefore, Beatty is controlling and the trial court’s judgment of guilt under the RICO statute must be reversed.
Accordingly, we affirm the trial court’s judgment of convictions and sentences in case nos. 79-706CF-B, 79-765CF, 79-802CF-Q, 79-803CF-M, and 79-804CF-J, but we vacate the conviction and sentence in case no. 79-799CF-L, and remand for further proceedings in the event the state wishes to renew prosecution.
CAMPBELL and SCHOONOVER, JJ., concur.