GLICKSTEIN, Judge.
The state seeks certiorari to quash an order of the circuit court which affirmed an order of the county court, dismissing the information filed therein as “vague in regard to the manner in which the defendant became intoxicated.” We grant the petition, quash the order and remand to the trial court for proceedings consistent herewith.
The information charged that respondent on a certain date “did unlawfully drive or operate a motor vehicle over the highways, streets or thoroughfares of Florida while in an intoxicated condition, contrary to F.S. 860.01(1).” The subject statute, on the date in question, read as follows:[1]
It is unlawful for any person, while in an intoxicated condition or under the influence of intoxicating liquor, model glue, as defined in s. 877.11, or any substance controlled under chapter 893 to such extent as to deprive him of full possession of his normal faculties, to drive or operate over the highways, streets, or thoroughfares of Florida any automobile, truck, motorcycle, or other vehicle. Any person convicted of a violation of this section shall be punished as provided in s. 316.193.
Florida Rule of Criminal Procedure 3.140(c) provides:
No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoin-der of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.
In interpreting the foregoing rule, the supreme court said in Martinez v. State, 368 So.2d 338, 340 (Fla.1978):
Generally, an information is sufficient if it follows the language of the statute, Major v. State, 180 So.2d 335 (Fla.1965); Gibbs v. Mayo, 81 So.2d 739 (Fla.1955); and Harrell v. State, 79 Fla. 220, 83 So. 922 (1920), and need not set forth proof with which the state intends to establish its case. State v. Cauley, 213 So.2d 521 (Fla. 4th DCA 1968).
The parties have not provided any authority which is directed specifically to an information involving the relevant statute in this case. However, the state relies upon State v. Harris, 348 So.2d 283 (Fla.1977) wherein the court held the information to be sufficient to charge manslaughter under section 860.01(2), Florida Statutes, which said:
[I]f the death of any human being be caused by the operation of a motor vehicle by any person while intoxicated, such person shall be deemed guilty of manslaughter.
The information in that case did not allege that the defendant was intoxicated but that *749 he was “under the influence of intoxicating liquors to such an extent that he was deprived of his normal faculties.” It is implicit within the framework of the decision that the information clearly would have been sufficient had it simply tracked the statute.
The present case is no different. The state could have alleged, as it did, that respondent was in an intoxicated condition, or that he was under the influence of the other matters expressly described in the statute.
Those occasions in which the supreme court has required the state to do more than track the statute involve statutes which are broad or generic. For example, in State v. Covington, 392 So.2d 1321 (Fla.1981), an information which only tracked a securities fraud statute, section 517.301(1), Florida Statutes (1977), was held to be insufficient, the court saying:
In the instant case, the information merely tracked the statute. The offense is there defined in broad, general terms. There was no supplemental description of the alleged misconduct. Without more particular factual allegations, the information failed to convey notice of the accusations with sufficient precision and clarity.
Id. at 1324. Cf. State v. Dilworth, 397 So.2d 292 (Fla.1981). Similarly, State ex rel. Swanboro v. Mayo, 155 Fla. 330, 19 So.2d 883 (1944), on which Covington relied, involved lewd and lascivious behavior; and the court said:
[U]nder this statute it became necessary for the prosecutor to particularly and definitely allege the act committed and aver that it was- a lewd and lascivious act, so that the accused would be put on notice and be advised as to the act as to which he must present his defense. This is necessarily true because an act which might be considered by one respectable and upright citizen as lewd and lascivious might be considered by another equally respectable and upright citizen as neither lewd nor lascivious.
Id. 19 So.2d at 884. In this case respondent was not faced with the burden of defending against a generic statute. He knew that he was charged with being in an intoxicated condition. As we interpret that phrase, such condition could have meant only a limited number of things; namely, that he had become intoxicated from intoxicating liquor, model glue or a substance proscribed by Chapter 893, Florida Statutes (1981).[2] In our view defending against such charge does not violate Florida Rule of Criminal Procedure 3.140(o). See State v. Fields, 390 So.2d 128 (Fla. 4th DCA 1980); State v. Kopulos, 413 So.2d 1195 (Fla. 2d DCA 1982); and Jones v. State, 415 So.2d 852 (Fla. 5th DCA 1982). Further, Florida Rule of Criminal Procedure 3.140(n) provides:
The court, upon motion, shall order the prosecuting attorney to furnish a statement of particulars, when the indictment or information upon which the defendant *750 is to be tried fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense. Such statement of particulars shall specify as definitely as possible the place, date, and all other material facts of the crime charged that are specifically requested and are known to the prosecuting attorney, including the names of persons intended to be defrauded. Reasonable doubts concerning the construction of this rule shall be resolved in favor of the defendant.
As the court said in State v. Dilworth, supra:
With the advent of Florida’s liberal discovery rules in criminal cases, along with the availability of a statement of particulars, a defendant is no longer forced to obtain information about the charge only from the charging document.
Id. at 294. In light of all the foregoing, the information should not have been dismissed.
ANSTEAD and HERSEY, JJ., concur.

. In 1982, the legislature renumbered the statute to section 316.1931(1) and amended it to read:
It is unlawful for any person, while in an intoxicated condition or under the influence of alcoholic beverages; model glue, as defined in s. 877.11; or any substance controlled under chapter 893 to such extent as to deprive him of full possession of his normal faculties, to drive, be in actual physical control of, or operate over the highways, streets, or thoroughfares of this state any automobile, truck, motorcycle, or other vehicle. Any person convicted of a violation of this section shall be punished as provided in s. 316.193. For the purposes of this subsection, a previous conviction under s. 316.193 shall also be considered a previous conviction for violation of this subsection.

. We acknowledge that the supreme court has defined intoxicated to be related to intoxicating liquor. See State v. Harris, supra; and Ingram v. Pettit, 340 So.2d 922, 924 (Fla.1976). However, these cases involved intoxicating liquor; therefore the court was not called upon to decide the horizon of its definition. We believe it was clearly the legislature’s intent to extend the definition beyond the limit of intoxicating liquor by its enactment of Chapter 73-331, Laws of Florida (1973) which expanded, by section 31 thereof, the statute involved in this case to include model glue and the substances controlled under Chapter 893. Chapter 73-331 created the “Florida Comprehensive Drug Abuse Prevention and Control Act”; and included within the legislature’s concern was the carnage on the highways most recently recognized by the United States Supreme Court in South Dakota v. Neville, - U.S. -, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983) and earlier described in Perez v. Campbell, 402 U.S. 637, 657 and 672, 91 S.Ct. 1704, 1715 and 1722, 29 L.Ed.2d 233 (1971) (Blackmun, J., concurring) (“The slaughter on the highways of this Nation exceeds the death toll of all our wars.”) In Black’s Law Dictionary, Fifth Edition (1979) 738, included in the definition of “Intoxication” are the following:
A disturbance of mental or physical capacities resulting from the introduction of substances into the body. Model Penal Code, § 2.08.

Under most state statutes dealing with driving while intoxicated, “intoxicating” includes such by alcohol or by drug or by both.