46 So.2d 725 (1950)
TAYLOR
v.
STATE.
Supreme Court of Florida, Division A.
June 2, 1950.
Greene & Ayres, Ocala, for appellant.
Richard W. Ervin, Attorney General, and Philip Goldman, Assistant Attorney General, for appellee.
THOMAS, Justice.
The appellant was faced with two charges, one that in operating an automobile "while intoxicated" he caused it to collide with a car occupied by one Morris Wellin, who died from the injuries received in the wreck, and the other that "while under the influence of intoxicating liquor" he so negligently and carelessly drove his car that he inflicted injuries upon Wellin, bringing about his death.
The jury found the appellant not guilty under the first count of the information and guilty under the second count.
It seems to us that there is no need to detail the circumstances surrounding the collision of the two cars. We shall dismiss this question by stating simply that there was abundant proof to support a conclusion that the appellant was driving at an excessive rate of speed on a curved highway where it was crossed by an overpass of a railroad; that he struck head-on the car occupied by Wellin as it traveled in its right-hand lane; and that immediately after the accident witnesses determined that appellant had recently been drinking some alcoholic beverage.
One point presented seems to deserve consideration and discussion. The appellant earnestly and plausibly argues that his defense was prejudiced because of the phraseology in the second count, which charged culpable negligence, and in addition contained the allegation that at the time of the unfortunate occurrence he was under the influence of intoxicating liquor. He insists that this was not a component of this particular crime and that mention of intoxicants in the formal accusation, and later in the charges of the court, so emphasized the point that it unduly influenced the jury.
Even assuming that the references to liquor in this count presented no element of that offense, still it has been held by this court that testimony tending to show that a defendant, charged only with culpable negligence, was under the influence of intoxicants at the time of an automobile collision is admissible, on the theory that a driver so exhilarated is likely to be abnormally reckless. If evidence of such a condition is admissible, we consider that the inclusion of such statements in an information or an indictment would amount, at the most, to surplusage, and if the state erred in incorporating it, the error was harmless. This would be true also of the references to this feature in the charges of the court to the jury.
In this particular case we are strengthened in this view because, after all, at the *726 time the cause was submitted to the jury the defendant stood directly charged with the offense of operating his car "while intoxicated," a separate and distinct offense denounced under Section 860.01, Florida Statutes 1941, and F.S.A. Certainly throughout the course of the trial the jury properly heard of the defendant's alleged intoxication, and of course the term, "intoxicated," is stronger and includes the term, "under the influence of intoxicating liquor." Cannon v. State, 91 Fla. 214, 107 So. 360, 362.
Affirmed.
ADAMS, C.J., and TERRELL and ROBERTS, JJ., concur.