102 So.2d 619 (1958)
James Raymond CLOWNEY, Petitioner,
v.
STATE of Florida, Respondent.
Supreme Court of Florida.
May 9, 1958.
*620 J. Ben Watkins (of Truett & Watkins), Tallahassee, and Roberts & Sellars, Fort Lauderdale, for petitioner.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for respondent.
THOMAS, Justice.
Upon the petition of James Raymond Clowney and by authority of Sec. 4(2) of Article V of the Constitution, F.S.A., adopted 6 November 1956, a writ of certiorari was issued by this court to review the decision of the District Court of Appeal, Second District, rendered in the appeal of this case to determine whether or not it was "in direct conflict" with decisions of this court, notably Cannon v. State, 91 Fla. 214, 107 So. 360, Taylor v. State, Fla., 46 So.2d 725, and Smith v. State, Fla., 65 So.2d 303, on the subject we will discuss.
The petitioner was charged in the first count of an information filed in the Criminal Court of Record of Broward County with having committed manslaughter by the culpably negligent operation of an automobile. In the second count he was alleged to have caused the death of a person when the petitioner struck him with a car the petitioner was driving "while intoxicated by the voluntary use of alcoholic liquor * * *." We have italicized the predominant word in the charge, the one which is so difficult to define.
The jury found the petitioner guilty only of the offense presented in the second count and, as a consequence, not guilty of the one alleged in the first count so the latter need not be further considered.
The circumstances in the present case are not precisely those with which the court dealt in the three cases already cited. In Cannon v. State, supra, the defendant had been charged in a single count with both kinds of manslaughter, namely, by culpable negligence and while intoxicated. This court held that the allegations were insufficient to charge intoxication and that the charges, with reference to culpable negligence, were deficient so the judgment of conviction was reversed. In both Taylor v. State and Smith v. State, supra, the defendants were found not guilty of causing death when driving while intoxicated.
Nevertheless, the court did, in deciding the three cases, discuss the word "intoxicated" as it is used in the statute, present Sec. 860.01, Florida Statutes 1955, and F.S.A., and the statements appear harmonious. Taking the opinions in the order cited, it was held in Cannon v. State, supra, that there was a distinction between the word "intoxicated" and the term "under the influence of intoxicating liquor," for a person might be under the influence *621 of liquor without being intoxicated. [91 Fla. 214, 107 So. 361] In that case, as we have indicated, the court was considering the allegations of the indictment.
In the next cited case, Taylor v. State, supra [46 So.2d 726], we referred to the Cannon case, and reiterated the announcement that the word "`intoxicated'" and the term "`under the influence of intoxicating liquor'" were not synonymous, the former being a stronger expression. In Smith v. State, supra, we recognized again this distinction.
It appears from the opinion of the District Court of Appeal, which we are reviewing, that the trial judge charged the jury that if "`the death of any human being be caused by the operation of an automobile by a person under the influence of intoxicating liquor, he shall be deemed guilty of manslaughter * * *.'" [97 So.2d 318] The District Court of Appeal found that this isolated portion of the charge was erroneous, and we quite agree. But the court found that the error was cured by the further charge: "`Intoxication * * *, as used in the second count of the Information, means under the influence of intoxicating liquor to such an extent as to deprive one of the normal control of one's body or mental faculties, or both.'"
The effect of these charges when read together, as they should be, was to tell the jury that the petitioner could be convicted only if the state proved that he was, at the time the death was caused, under the influence of intoxicants to the degree that he had been deprived of the normal control of his bodily or mental faculties.
We do not find in the definition conveyed to the jury by the combined charges an expression that conflicts with the pronouncements of this court in the opinions to which the petitioner has referred us.
Somewhere between the point of utter sobriety and the point of saturation, or immobility, the imbiber reaches the condition that makes him, at the wheel of a dangerous instrumentality, a motorcar, a killer. Just when this point is reached no person could describe with definiteness because of the varied reaction of human beings to the effects of alcohol. Nevertheless, juries have the responsibility of deciding the issue in such cases and they are entitled to the soundest advice the court can give them.
We think the definition selected by the judge, before whom the petitioner appeared, was a proper guide for the jury when they undertook to determine from the evidence whether or not the state had proved beyond a reasonable doubt that the petitioner "while intoxicated" killed a person with his car as had been alleged.
The language is practically the same as that appearing in the first two paragraphs of Sec. 860.01, supra, denouncing the operation of a car by one "while in an intoxicated condition or under the influence of intoxicating liquor to such extent as to deprive [the driver] of full possession of his normal faculties." In this introductory paragraph the mere act of driving when in such condition is made punishable as a misdemeanor. Sec. 317.20, Florida Statutes, 1955, and F.S.A.
In the following paragraph it is provided "[i]f, however, damage to property or person of another, other than damage resulting in death" is done by "said intoxicated person under the influence of intoxicating liquor to such extent as to deprive him of full possession of his normal faculties" a misdemeanor is committed.
There is similarity in the language used in the first paragraph and in the first part of the second paragraph, but the elimination of the conjunction "or" from the latter is noteworthy for by such exclusion the degree of intoxication required to constitute the offense is defined.
The second paragraph concludes: "and if the death of any human being be caused *622 by the operation of a motor vehicle by any person while intoxicated" the driver shall be guilty of manslaughter.
The second paragraph consists of but one sentence. Of course, the troublesome question of degree of intoxication would probably not have arisen had the definition appearing in the first part of the second paragraph been repeated when the penalty for causing death was prescribed, but it seems to us that since it was used in the single sentence of the paragraph, it is more logical to apply it to cases of manslaughter than to use one definition, that is relatively clear, in cases of driving in the condition described in the first portion of the paragraph and then struggle with a definition of "intoxicated" when the more serious offense is charged, because of resulting death.
In the instant case the trial judge seems to have borrowed the definition from the first part of the second paragraph except that he changed "full possession of * * * normal faculties" to "normal control of * * * body or mental faculties * * *."
We think the proper definition of "intoxicated" is the one we have quoted in analyzing the second paragraph, and we think further that the trial judge's definition substantially complied with it.
An examination of the opinions in the cited cases will disclose that the court dealt only with the term "under the influence of intoxicating liquor" while in the instant controversy the trial judge in his charge explained the extent of that influence which would, upon proof, support conviction. Consequently, when the District Court of appeal approved the charge, the decision did not clash with decisions of this court "on the same point of law * * *." Sec. 4(2), Article V, supra. Cf. Dunning v. State, Fla., 83 So.2d 702.
The writ of certiorari is discharged.
TERRELL, C.J., and HOBSON, THORNAL and O'CONNELL, JJ., concur.