294 So.2d 708 (1974)
STATE of Florida, Appellant,
v.
Thomas L. FITZPATRICK, Appellee.
No. 73-942.
District Court of Appeal of Florida, Fourth District.
May 24, 1974.
Abbott M. Herring, State's Atty., and Norman A. Tharp, Asst. State's Atty., Titusville, for appellant.
David M. Porter, Titusville, for appellee.
DOWNEY, Judge.
Appellee was charged with operating a motor vehicle while intoxicated or under the influence of intoxicating liquor to such an extent as to deprive him of full possession of his normal faculties causing the death of a human being. Pursuant to Rule 3.190(c)(4), RCrP, 33 F.S.A. he moved to dismiss the information. Said motion was granted and the state has filed this interlocutory appeal.
The thrust of appellee's motion is that the undisputed facts do not establish a prima facie case of guilt because appellee contends that the state relies upon a breathalyzer reading of 0.18 per cent by weight of alcohol; that such a reading does not indicate intoxication, nor being *709 under the influence to the extent that one's normal faculties are impaired. Appellee also states in said sworn motion that he was in full possession of his normal faculties, unimpaired. In granting said motion the court stated:
"The Court finds as a matter of law that [0].18% blood alcohol in and of itself is insufficient evidence of intoxication or being deprived of full possession of normal faculties under Florida law to support the charge of manslaughter under [F.S.] § 860.01, F.S. [F.S.A.]. The Court relies on the cases of Smith v. State [Fla.], 65 So.2d 303; Cannon v. State [91 Fla. 214], 107 Southern 360; Lowe v. State [Fla.App.], 116 So.2d 254... ."
Section 322.262, F.S. 1973, F.S.A. provides that in any criminal case arising out of acts alleged to have been committed while driving, or in physical control, of a motor vehicle while under the influence of alcoholic beverages, when affected to the extent that one's normal faculties are impaired, the results of a properly administered breathalyzer test are admissible in evidence, and the amount of blood alcohol in the person's blood as shown by the test shall give rise to certain presumptions; in the case of a reading of 0.10 per cent or more by weight of alcohol in the person's blood it shall be prima facie evidence that the person was under the influence of alcoholic beverages to the extent that his normal faculties were impaired.
Appellee acknowledges in his motion that the state possessed a breathalyzer reading of 0.18 per cent. Thus, the effect of the motion was to pit appellee's claim to sobriety against the statutory presumption that he was under the influence of alcoholic beverages to the extent his normal faculties were impaired. What the evidence may show at trial as to appellee's impairment, or whether or not he in fact caused the accident resulting in death remains to be seen. But in this posture of the case there were disputed facts precluding dismissal.
The trial court relied upon Smith v. State, supra, Cannon v. State, supra, and Lowe v. State, supra, in dismissing the information presumably for the proposition that "being under the influence of intoxicating liquor" and "being intoxicated" are different terms and do not mean the same thing. This of course is true. However, "being under the influence of intoxicating liquor to the extent that one's normal faculties are impaired, or so as to deprive one of full possession of his normal faculties", is equivalent to "being intoxicated." Clowney v. State, Fla. 1958, 102 So.2d 619. Thus, in the case at bar, if appellee had a breathalyzer reading of 0.18 per cent he is presumed to be under the influence to the extent his normal faculties are impaired, i.e., he is presumed to be intoxicated.
Accordingly, the order dismissing the information is reversed and the cause is remanded with directions to reinstate the information.
OWEN, C.J., and WALDEN, J., concur.