TENCH, BENJAMIN M., Associate Judge.
The parties will be referred to as in the trial court.
At approximately five o’clock in the afternoon, defendant was driving his pickup truck on Rayford Street in Jacksonville, after having had three drinks of whiskey over a period of two hours. He testified that he felt no intoxication, and the state presented no witnesses who could testify that the defendant had consumed any amount of intoxicants other than that testified to by the defendant. The speed limit in this area was 30 miles an hour, and defendant testified he was traveling at about 35 miles an hour as he approached the scene of the accident. He testified that he was in his proper lane, that the intersection at which the accident occurred was not a stop street, and that in all respects he was obeying the traffic laws. The state presented no evidence to the contrary.
As the defendant approached the intersection of Day Avenue and Rayford Street, three small children started across the street on which the defendant was driving and almost completed crossing the street. Suddenly, one of the minor children, Esther Bell, turned and ran back across the street and into the path of defendant’s truck. She was hit by the truck and subsequently died.
A blood-alcohol test later given to the defendant resulted in a reading of .27, and there was additional testimony that the defendant smelled of intoxicants and that his face was flushed.
The state charged the defendant in a two-count information with the offenses of manslaughter by culpable negligence (F.S. *317 Section 782.07) and manslaughter by intoxication (F.S. Section 860.01(2)). The jury found the defendant guilty only of manslaughter by intoxication, which was charged in the following language:
“And for a second count of this information, your informant further charges that MARVIN HARRIS, on the 21st day of January, 1974, in the County of Duval and State of Florida, did then and there, while under the influence of intoxicating liquors to such an extent that he was deprived of his normal faculties, the said MARVIN HARRIS did drive and operate a truck into, upon and against ESTHER BELL, then and there giving and inflicting divers mortal wounds upon the said ESTHER BELL, of and from which said mortal wounds so inflicted as aforesaid, the said ESTHER BELL, did then and there die, contrary to the provisions of Section 860.01(2), Florida Statutes.”
Among other things, we are called upon to determine whether the information charged a crime. We hold that it did not.
The essential elements of the offense of manslaughter by intoxication are set out in F.S. Section 860.01(2):
“If, however, the damage to property or person of another, other than damage resulting in death of any person, is done by said intoxicated person under the influence of intoxicating liquor to such extent as to deprive him of full possession of his normal faculties, by reason of the operation of any of said vehicles mentioned herein, he shall be guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.083, and if the death of any human being be caused by the operation of a motor vehicle of any person while intoxicated, such person shall be deemed guilty of manslaughter, and on conviction be punished as provided by existing law relating to manslaughter.”
From the relevant case law concerning the statute cited, there appear to be three essential opinions to be examined. The first of these is Cannon v. State, 91 Fla. 214, 107 So. 360 (1926), in which the Florida Supreme Court held that an indictment charging manslaughter through the operation of a motor vehicle by one “under the influence of intoxicating liquor” did not sufficiently charge a crime under the statutory predecessor to Section 860.01(2). The Court held that, to charge manslaughter by intoxication, a charging document must specify that a defendant was intoxicated, saying:
“. . . The additional words in the indictment, ‘being at the time under the influence of intoxicating liquor,’ are not, in the commonly accepted meaning of such words, synonymous with or equivalent to the words in the amendatory statute, which are ‘while intoxicated.’ Though all persons intoxicated by the use of alcoholic liquors are ‘under the influence of intoxicating liquors,’ the reverse of the proposition is not true; for a person may be under the influence of intoxicating liquors without being intoxicated.
It is true that chapter 9269, above referred to, amending section 5563 of the Revised General Statutes, makes it a misdemeanor for any person ‘while in an intoxicated condition or under the influence of intoxicating liquors to drive’ any automobile or motor vehicle on the streets or highways of this state, but it is only where death results from the operation of a motor vehicle by a person ‘while intoxicated’ that is defined as manslaughter. . . .” (107 So. 362)
The second opinion which must be considered is that in Clowney v. State, 97 So.2d 316 (2nd D.C.A.Fla.1957). In that decision the Court dealt not with the sufficiency of the information, which charged manslaughter from operating an automobile “while intoxicated,” but with the instruc *318 tion of the lower Court to the jury. The Court held:
“This court is of the opinion that while the Judge of the lower court was in error in his instruction to the jury, to-wit:
“If the death of 'any human being be caused by the operation of an automobile by a person under the influence of intoxicating liquor, he shall be deemed guilty of manslaughter, and upon conviction, shall be punished as provided by the law relating to manslaughter,” ;
in view of the fact that the court in the subsequent paragraph defined intoxication as follows:
“Intoxication, lady and gentlemen, I charge you, as used in the second count of the Information, means under the influence of intoxicating liquor to such an extent as to deprive one of the normal control of one’s body or mental faculties, or both.”,
such error was not prejudicial.” (97 So. 2d 321)
The third opinion to be considered is that of the Supreme Court of Florida in reviewing, on Petition for Writ of Certiorari, the District Court opinion in Clowney. In Clowney v. State, 102 So.2d 619 (Fla.1958), the Supreme Court reviewed the decisions which had been cited by the petitioner for conflict with the District Court opinion in Clowney (including Cannon v. State, supra) and found no conflict, discharging the Writ of Certiorari it had issued. In discussing the jury instructions given by the trial court, the Supreme Court arrived at a definition of “intoxicated” and approved that given by the trial Judge as being substantially the same. The court did not, however, discuss the sufficiency of the language necessary in an indictment or information to charge the crime of manslaughter under F.S. Section 860.01(2), except to cite with approval its own decision in Cannon v. State, supra:
“. . . Taking the opinions in the order cited, it was held in Cannon v. State, supra, that there was a distinction between the word “intoxicated” and the term “under the influence of intoxicating liquor,” for a person might be under the influence of liquor without being intoxicated. [91 Fla. 214, 107 So. 361] In that case, as we have indicated, the court was considering the allegations of the indictment.” (102 So.2d 620-1)
In the case we have for review, therefore, we are obliged to follow the decision of the Supreme Court of Florida in Cannon v. State, supra, that, to charge the crime of manslaughter under Section 860.-01(2), the charging document must allege that the death of a human being was caused by the operation of a motor vehicle by a defendant “while intoxicated.” Since the information in this case did not so charge the defendant, the trial court erred in denying the defendant’s pre-trial motion to dismiss the count charging manslaughter by intoxication on the ground that it failed to charge a crime, and the conviction must be reversed.
We reverse and direct that the defendant be discharged.
MILLS, J., concurs.
BOYER, C. J., specially concurs.