348 So.2d 283 (1977)
STATE of Florida, Petitioner,
v.
Marvin HARRIS, Respondent.
No. 49743.
Supreme Court of Florida.
March 17, 1977.
Rehearing Denied July 29, 1977.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for petitioner.
Bartley K. Vickers, of Mahon, Farley & Vickers, Jacksonville, for respondent.
KARL, Justice.
We have for review by petition for writ of certiorari granted the decision of the District Court of Appeal, First District, in Harris v. State, reported at 334 So.2d 316 (Fla. 1st DCA, 1976), which directly conflicts with State v. Fitzpatrick, 294 So.2d 708 (Fla. 4th DCA, 1974). We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
The decision for review holds that, to charge the crime of manslaughter under Section 860.01(2), Florida Statutes, the charging document must use the specific statutory words and allege that the death of a human being was caused by the operation of a motor vehicle by defendant "while intoxicated." The decision in conflict, State v. Fitzpatrick, supra, concludes that "being under the influence of intoxicating liquor to the extent that one's normal faculties are impaired, or so as to deprive one of full possession of his normal faculties" is equivalent to "being intoxicated." We agree with the District Court of Appeal, Fourth District, and hold that the equivalent language is sufficient for use in the information.
Respondent was charged in a two-count information with the offenses of manslaughter by culpable negligence in violation of Section 782.07, Florida Statutes, and manslaughter by intoxication in violation of Section 860.01(2), Florida Statutes. At the conclusion of the State's case, the trial court granted a motion for directed verdict of acquittal as to the charge of manslaughter by culpable negligence. The jury returned a verdict of guilty of manslaughter by intoxication and respondent was convicted on this charge.
The second count of the information charged respondent with the crime of manslaughter by intoxication, as follows:

*284 "And for a second count of this information, your informant further charges that MARVIN HARRIS, on the 21st day of January, 1974, in the County of Duval and State of Florida, did then and there while under the influence of intoxicating liquors to such an extent that he was deprived of his normal faculties, the said MARVIN HARRIS did drive and operate an automobile into, upon and against ESTHER BELL, then and there giving and inflicting divers mortal wounds upon the said ESTHER BELL, of and from which said mortal wounds so inflicted as aforesaid, the said ESTHER BELL, did then and there die, contrary to the provisions of Section 860.01(2), Florida Statutes."
On appeal, the District Court of Appeal, First District, determined that the information failed to charge the crime of manslaughter by intoxication and ordered the judgment of conviction reversed and respondent discharged.
Examining and interpreting three Florida decisions which it concluded were relevant to the disposition of the issue of sufficiency of the subject information to charge a crime.[1] The District Court determined that to charge the crime of manslaughter under Section 860.01(2), Florida Statutes, the charging document must allege that the death of a human being was caused by the operation of a motor vehicle by defendant "while intoxicated."
Taking a contrary position to that expressed by the First District Court of Appeal in the instant cause, although relying on the same decisional precedent, the District Court of Appeal, Fourth District, in State v. Fitzpatrick, supra, explained,
"The trial court relied upon Smith v. State [Fla., 65 So.2d 303], supra, Cannon v. State [91 Fla. 214, 107 So. 360], supra, and Lowe v. State [Fla.App., 116 So.2d 254], supra, in dismissing the information presumably for the proposition that `being under the influence of intoxicating liquor' and `being intoxicated' are different terms and do not mean the same thing. This of course is true. However, `being under the influence of intoxicating liquor to the extent that one's normal faculties are impaired, or so as to deprive one of full possession of his normal faculties', is equivalent to `being intoxicated.' Clowney v. State, Fla. 1958, 102 So.2d 619. Thus, in the case at bar, if appellee had a breathalyzer reading of 0.18 per cent he is presumed to be under the influence to the extent his normal faculties are impaired, i.e., he is presumed to be intoxicated." (emphasis supplied)
Therein, the information charged appellee with being intoxicated or under the influence of intoxicating liquors to such an extent as to deprive him of full possession of his normal faculties causing the death of a human being.
Section 860.01(2), Florida Statutes, provides:
"(2) If, however, damage to property or person of another, other than damage resulting in death of any person, is done by said intoxicated person under the influence of intoxicating liquor to such extent as to deprive him of full possession of his normal faculties, by reason of the operation of any of said vehicles mentioned herein, he shall be guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.083, and if the death of any human being be caused by the operation of a motor vehicle by any person while intoxicated, such person shall be deemed guilty of manslaughter, and on conviction be punished as provided by existing law relating to manslaughter."
Interpreting similar statutory language to that in question sub judice, this Court, in the early decision of Cannon v. State, 91 Fla. 214, 107 So. 360 (1926), opined:
"The last clause of Section 5563 of the Revised General Statutes as amended by Chapter 9269 of the Laws of 1923, reads as follows: `* * * and if the death of *285 any human being be caused by the operation of a motor vehicle by any person while intoxicated, such person shall be deemed guilty of manslaughter and, on conviction, be punished as provided by existing law relating to manslaughter.'
"The language of the indictment, while sufficient to charge the offense defined in Section 5039, the gist of one element of which is the culpable negligence of the defendant as being the cause of the death, was not sufficient to constitute a charge of manslaughter under this amendatory act. The additional words in the indictment, `being at the time under the influence of intoxicating liquor,' are not, in the commonly accepted meaning of such words, synonymous with or equivalent to the words in the amendatory statute, which are `while intoxicated.' Though all persons intoxicated by the use of alcoholic liquors are `under the influence of intoxicating liquors,' the reverse of the proposition is not true; for a person may be under the influence of intoxicating liquors without being intoxicated.

"It is true that Chapter 9269, above referred to, amending Section 5563 of the Revised General Statutes, makes it a misdemeanor for any person `while in an intoxicated condition or under the influence of intoxicating liquors to drive' any automobile or motor vehicle on the streets or highways of this state, but it is only where death results from the operation of a motor vehicle by a person `while intoxicated' that is defined as manslaughter. In this connection the words `under the influence of intoxicating liquors' are omitted. The felony lies not in the driving of an automobile negligently while intoxicated or under the influence of intoxicants but in the killing of a person `by the operation of a motor vehicle while intoxicated' and in such case the question of `culpable negligence' in the driving of the automobile is not made an element of the crime." (emphasis added)
This Court in Taylor v. State, 46 So.2d 725 (Fla. 1950) explained that the term "intoxicated" is stronger and includes the term, "under the influence of intoxicating liquors," reemphasized in Smith v. State, 65 So.2d 303 (Fla. 1953), that "intoxication" and "being under the influence of intoxicating liquors" are different terms and do not mean the same thing.
The District Court of Appeal in Clowney v. State, 97 So.2d 316 (Fla. 2d DCA, 1957), certiorari discharged, 102 So.2d 619 (Fla. 1958), discussed a difference between use of the terminology "under the influence of intoxicating beverages" and "under the influence of intoxicating liquor to such an extent as to deprive one of the normal control of one's body or mental faculties or both" and found the latter to be synonymous with the term "intoxicated." Therein, the District Court declared:
"This court is of the opinion that while the Judge of the lower court was in error in his instruction to the jury, to-wit:
"`If the death of any human being be caused by the operation of an automobile by a person under the influence of intoxicating liquor, he shall be deemed guilty of manslaughter, and upon conviction, shall be punished as provided by the law relating to manslaughter.';
in view of the fact that the court in the subsequent paragraph defined intoxication as follows:
"`Intoxication, lady and gentlemen, I charge you, as used in the second count of the Information, means under the influence of intoxicating liquor to such an extent as to deprive one of the normal control of one's body or mental faculties, or both.',
such error was not prejudicial.
"A great deal of confusion is caused in criminal prosecutions by the use, interchangeably, of the terms `intoxicated' and `under the influence of intoxicating beverages.' These terms are not synonymous. A person intoxicated is under the influence of intoxicating beverages, but it does not necessarily follow that a person under the influence of intoxicants is intoxicated. If a person is prosecuted on a charge of causing the death of a person *286 while intoxicated, it must be proven beyond a reasonable doubt that the defendant was intoxicated and not just under the influence of intoxicants."
In its opinion discharging the writ of certiorari in Clowney v. State, supra, this Court approved the rationale of the District Court. Referring to the earlier decisions of Cannon, supra, Taylor, and Smith, supra, this Court said:
"We do not find the definition conveyed to the jury by the combined charges an expression that conflicts with the pronouncements of this court in the opinions to which the petitioner has referred us.
* * * * * *
"The language is practically the same as that appearing in the first two paragraphs of Sec. 860.01, supra, denouncing the operation of a car by one `while in an intoxicated condition or under the influence of intoxicating liquor to such extent as to deprive [the driver] of full possession of his normal faculties.' In this introductory paragraph the mere act of driving when in such condition is made punishable as a misdemeanor. Sec. 317.20, Florida Statutes, 1955, and F.S.A.
"In the following paragraph it is provided `[i]f, however, damage to property or person of another, other than damage resulting in death' is done by `said intoxicated person under the influence of intoxicating liquor to such extent as to deprive him of full possession of his normal faculties' a misdemeanor is committed.
"There is similarity in the language used in the first paragraph and in the first part of the second paragraph, but the elimination of the conjunction `or' from the latter is noteworthy for by such exclusion the degree of intoxication required to constitute the offense is defined.
"The second paragraph concludes: `and if the death of any human being be caused by the operation of a motor vehicle by any person while intoxicated' the driver shall be guilty of manslaughter.
"The second paragraph consists of but one sentence. Of course, the troublesome question of degree of intoxication would probably not have arisen had the definition appearing in the first part of the second paragraph been repeated when the penalty for causing death was prescribed, but it seems to us that since it was used in the single sentence of the paragraph, it is more logical to apply it to cases of manslaughter than to use one definition, that is relatively clear, in cases of driving in the condition described in the first portion of the paragraph and then struggle with a definition of `intoxicated' when the more serious offense is charged, because of resulting death.
"In the instant case the trial judge seems to have borrowed the definition from the first part of the second paragraph except that he changed `full possession of * * * normal faculties' to `normal control of * * * body or mental faculties * * *.'
"We think the proper definition of `intoxicated' is the one we have quoted in analyzing the second paragraph, and we think further that the trial judge's definition substantially complied with it."
We adhere to the early precedent established by this Court and agree with the interpretation given thereto by the District Court of Appeal, Fourth District, in State v. Fitzpatrick, supra. Cf. Ingram v. Pettit et al., 340 So.2d 922 (Fla. 1976).
Under the circumstances presented in the instant cause, we find that the language in the subject information "while under the influence of intoxicating liquors to such an extent that he was deprived of his normal faculties" was sufficient to charge appellee with violation of Section 860.01, Florida Statutes.[2]
*287 Accordingly, the decision of the District Court of Appeal, First District, is quashed and the cause is remanded for further proceedings consistent herewith.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND and SUNDBERG, JJ., concur.
NOTES
[1] Cannon v. State, 91 Fla. 214, 107 So. 360 (1926); Clowney v. State, 97 So.2d 316 (Fla. 2nd DCA, 1957); and Clowney v. State, 102 So.2d 619 (Fla. 1958).
[2] Sub judice the trial judge properly used the approved standard jury instruction which includes the following definition:

"`Intoxication' means more than merely being under the influence of intoxicating liquor. As used in these charges, intoxication means that the defendant must have been so affected from the drinking of intoxicating liquor as to have lost or been deprived of the normal control of either his body or his mental faculties, or both. Intoxication is synonymous with `drunk.'"