## STATE OF FLORIDA v. RAHN
Case No. 83TT1846

County Court, Lee County

August 22, 1983

W. Dan Jenkins, Assistant State Attorney, for plaintiff.

Peter D. Ringsmuth, for defendant.

RADFORD R. STURGIS, County Judge

*ISSUES*

I. May A Criminal Traffic Offense Be Prosecuted By Uniform Traffic Citation?

II. Must A Uniform Traffic Citation Alleging A Criminal Traffic Offense (Driving With Impaired Faculties, Florida Statute 316.193) Set Forth The Essential Elements Of The Crime?

III. Must The Uniform Traffic Citation Charge Be Dismissed For Failure To Include An Essential Element, To Wit: Normal Faculty Impairment?

IV. Must A Uniform Traffic Citation Be Dismissed If It Is Not Sworn To?

V. Is The Language Used In The Uniform Traffic Citation Purporting To Allege Impairment By Narcotics, Drugs, Barbiturates Or Other Stimulants Overbroad Requiring Dismissal?

VI. Is Florida Statute 316.193 One Crime Which May Be Proven By Showing Impairment Or Blood Alcohol Reading In Excess Of .10 Or Is DUI A Separate And Distinct Offense From Dubal?

May A Defendant Be Prosecuted For Impairment And Unlawful Blood Alcohol Level On One Uniform Traffic Citation?

I. May A Criminal Traffic Offense Be Prosecuted By Uniform Traffic Citation?

The Florida Constitution Art. I Section 15(a) provides for Grand Jury Indictment in all capital cases and indictment or information for all other felonies. Section 15(a) does not mention Misdemeanor or criminal traffic offenses; thus, the Florida Supreme Court in *Hurley v. State*, 322 So.2d 506 (Fla. 1975) held that a defendant:

> "has no vested right under the Const. (of) the laws of this state to require a state attorney or a grand jury to pass upon probable cause for the commission of a traffic offense."

*Hurley* recognized a prior State Supreme Court mandate of Florida Traffic Rule 6.07, now 6.165, which provides:

> "RULE 6.165. Complaint; Summons; Form; Use
>
> All prosecutions for criminal traffic offenses by law enforcement officers shall be by uniform traffic citation as provided for in Section 136.650, Florida Statutes, or other applicable statutes, or by affidavit, information or indictment as provided for in the Florida Rules of Criminal Procedure. If prosecution is by affidavit, information, or indictment, a uniform traffic citation shall be prepared by the prosecutor and submitted to the Department of Highway Safety and Motor Vehicles. Added Feb. 11, 1982 (410 So.2d 1337)."

The Supreme Court has specifically provided for prosecution of criminal traffic offenses by uniform traffic citation.

II. Must A Uniform Traffic Citation Alleging A Criminal Traffic Offense (Driving With Impaired Faculties, Florida Statute 316.193) Set Forth The Essential Elements Of The Crime?

A. Is Section 316.193 Florida Statutes A "Misdemeanor Offense"?

Section 318.12 F.S. states:

"It is the legislative intent in the adoption of this Chapter to decriminalize *certain* violations of Chapter 316. . .".

Section 318.14 F.S. excepts Section 318.17 F.S. [containing Section 316.193 (DUI)] from being included in the group of offenses deemed to be "non-criminal infractions". Thus, Section 316.193 F.S. remains a "crime".

Traffic Court Rule 6.040 Definitions, designates "Criminal Traffic Offense" as a violation:

". . . of a statute or ordinance governing traffic not subject to the provisions of Chapter 318, Florida Statutes, within the jurisdiction of a court to which these rules apply, including Chapter 322, Florida Statutes, Sections 316.017, 316.061, 316.067, 316.192, *316.193*, 316.1935, 860.01, Florida Statutes, and Chapter 893, Florida Statutes."

Notwithstanding the fact the Florida Supreme Court has chosen to designate Section 318.17 of the Florida Statutes as "Criminal *Traffic* Offenses" to differentiate them from noncriminal traffic infractions, they; nevertheless, remain "crimes".

Offenses in the State of Florida, defined under Section 775.08 F.S., fall within the category of "Felony", "Misdemeanor" or "Non-Criminal" violations, Section 316.193 F.S. cannot be a "Felony" because the maximum penalty cannot exceed one year. Section 316.193 cannot be a non-criminal violation because such an offense does not constitute a crime and does not authorize jail time as punishment. Therefore Section 316.193 must be a misdemeanor by the process of elimination.

*SECONDLY* any offense punishable by imprisonment is a crime and Section 775.08(4) F.S. states the term "crime" shall mean a felony or misdemeanor. Section 316.193 is not a felony; therefore, it must be a misdemeanor.

*THIRDLY* Section 316.655 F.S., Penalties, states in subjection (1) a violation of any of the provisions of this chapter (316), *except criminal offenses* enumerated in subsection (4) shall be deemed an infraction as defined in Section 318.13(3). Subsection (4) reads:

"Any person convicted of a violation of Section 316.027, Section 316.061, Section 316.067, Section 316.072, Section 316.192, Section *316.193*, or Section 316.1935 shall be punished as specifically provided in that section."

DUI under Section 316.193 is a designated "criminal offense", and from the above citations and reasons, must therefore be a misdemeanor.

The above reasoning, and citations, are squarely on point with *Thompson v. Office of the Public Defender*, 387 So.2d 541 (Fla. 5 DCA 1980).* The Fifth District concluded its analysis by stating:

". . . the offense described in Section 316.193 is not an infraction or non-criminal violation, for a violation of Section 316.193 is punishable by incarceration. But as pointed out above, it is a 'criminal offense' and therefore, a crime and based on the punishment it is a misdemeanor."

It is argued Section 775.08(2) determines that Section 316.193 is not a misdemeanor. In pertinent part, the section states:

"The term 'misdemeanor' shall not mean a conviction for any violation of any provision of Chapter 316. . ."

This language must be interpreted in light of Chapter 316 F.S. which specifically *EXCLUDES* certain offenses including Section 326.193 in Section 316.655(1) and (4) from being infractions and designates them as "criminal offenses" which must then be misdemeanors. (Section 775.08(4).) Therefore, Section 775.08(2) must be read in light of the very statute which it refers to, namely 316., which in turn excepts certain offenses from being decriminalized.

Since Section 316.193 is a Misdemeanor it follows that a document charging such crime is governed by the Florida Rules of Criminal Procedure.

B.    Is A Uniform Traffic Citation Used As The Sole Charging Document Alleging The Criminal Violation Of Section 316.193 To Be Governed By The Florida R. Of Crim. P. On A Motion to Dismiss?

Whether Section 316.193 is a "Misdemeanor" or not, it is unquestionably a "crime". Fla. R. of Crim. P., Rule 3.010, *Scope*, provides in pertinent part:

"These rules shall govern the procedures in all criminal proceedings in *State* courts . . . including vehicular . . . traffic ofenses insofar as these rules are made applicable by

---

*Since this opinion was written, but prior to its publication, the Fourth District Court of Appeals, in the case of *Miller v. State*, 442 So.2d 419 (Fla. App. 4 D 1983), held that F.S. 316.193 DUI is a "Misdemeanor". And the Supreme Court of Florida in *Whirle v. State*, 9 FLW 191, May 17, 1984, S.C. Case No. 62,948 adopted the reasoning of *Thompson v. Office of the Public Defender*, 387 So.2d 541 (Fla. 5th DCA 1980) and held that a violation of Section 316.193 is a criminal offense.

Florida Rules of Practice and Procedure for Traffic Courts. . . (Amended 1971 to provide for applicability to Rules of Vehicular Traffic Offenses).''

The 1968 Committee note to Rule 3.010 states:

"These rules are not intended to apply to municipal courts, but are intended to apply to all state courts where "crimes" are charged."

There are no longer municipal courts in Florida and all "crimes" are prosecuted before the State courts. When an information is used to charge Section 316.193, it must clearly state all of the essential elements. Did the Supreme Court of Florida intend that we *accept* less when the same charge is made by way of a Uniform Traffic Citation. Moreover, Traffic Rule 6.160 appearing under the heading of Criminal Offenses provides:

"Except as hereinafter provided, trial under this part shall be governed by the Rules of Criminal Procedure so far as they may be applicable unless they are in conflict with these rules."

This court holds that the sufficiency of a charge under F.S. 316.193 made by way of a Uniform Traffic Citation is governed by the Fla. R. of Crim. P. on a motion to dismiss, whether Section 316.193 is a misdemeanor or not.

III. Must A Uniform Traffic Citation Be Dismissed For Failure To Include An Essential Element, To Wit: Normal Faculty Impairment?

Fla. R. of Crim. P. (Indictments; Information) 3.140(d)(1) provides:

"(d) The Charge.

(1) Allegation of Facts; Citation of Law Violated. Each count of an indictment or information upon which the defendant is to be tried shall allege the *essential* facts constituting the offense charged. In addition, each count shall recite the official or customary *citation* of the statute, rule, regulation or other provision of law which the defendant is alleged to have violated. Error in or omission of the citation shall not be ground for dismissing the count or for a reversal of a conviction based thereon if the error or omission did not mislead the defendant to his prejudice.

The essential elements of F.S. Section 316.193 are set forth in the Florida Standard Jury Instructions in Criminal Cases at page 4, Standard Jury Instructions in Misdemeanor cases.

1. (Defendant) drove or was in actual physical control of a vehicle in Florida.

2. He was under the influence of alcoholic beverages (controlled substances) [and now chemical substances 1983 amendment].

3. He was affected to the extent that his *normal faculties were impaired*.

The Florida Uniform Traffic Citation which serves in this case as the charging document provides:

> *Editor's Note*: The trial judge reproduced the actual citation which included the following information:
>
> No. 84758-KB; An "X" indicated the driver was "driving while under the influence of alcoholic beverages."; other violations or comments: 0010; Test Results .15; Accident case: No; In Violation of State Statute 316.193; Property Damage: 0; Injury: 0; and Fatal: 0.

Clearly "Driving under the influence" is not a crime in the State of Florida. Clearly normal faculty impairment is an essential element and is not included in the Uniform Traffic Citation language.

The Fifth District Court of Appeal in *Gray v. State*, 404 So.2d 338 (Fla. 5 DCA 1981) states:

> "We believe that it is constitutionally essential and therefore fundamentally necessary, for the charging document in a criminal case to allege all of the essential elements of a criminal offense. *The "notice" theory of pleading relates only to civil cases.* (Emphasis supplied.) More than merely warning of prohibited conduct, or notifying the defendant that he has been accused, the charging document in a criminal case constitutes a serious assertion by the State that the allegations contained therein are all that is necessary for the State to prove at trial in order to secure a conviction. Further, the allegations of the elements of the offense in charging document are part of the constitutionally required notice and serve to advise the accused as to the ultimate facts that are to be litigated at his trial. The defense is entitled to rely on the sufficiency of this notice in preparation for trial, calling affirmative and rebuttal witnesses as necessary to put in issue those factual allegations to be actively contested, with assurance that, at trial, the State can present only incriminating evidence probative of the ultimate facts alleged in the charging document. "Essential element" means an ultimate fact essential to the

allegation of a criminal offense and when a charging document fails to allege an essential element it fails to charge a criminal offense.''

The Supreme Court of Florida in *Gray v. State*, Case No. 61,381, July 21, 1983 remanded the case finding no *essential* element was omitted; but, reasserted the rule of law that ''where an indictment or information wholly omits to allege one or more essential elements of the crime, it fails to charge a crime under the laws of the State''.

The Third District Court of Appeal held in *State v. Pajon*, 372 So.2d 1070 (Fla. 3d DCA 1970):

> ''[1-3]   It is the established law of this state that an information states a crime sufficient to withstand a motion to dismiss if it (a) follows the language of the statute which the defendant is charged with violating and alleges all the essential elements of the crime charged, and (b) contains a plain, concise and definite statement of the essential facts constituting the crime charged so that the defendant is neither misled or embarrassed in the preparation of his defense nor exposed after conviction of acquittal to substantial danger of a new prosecution for the same crime. Beyond that, there is no requirement that the information set forth in state's proof in the case. To the extent that the information contains some ambiguous or vague language of a non-fatal nature, such can adequately be cured by the filing of a statement of particulars upon timely motion by the defendant. *Martinez v. State*, 368 So.2d 338 (Fla. 1978); *State v. Bruno*, 107 So.2d 9 (Fla. 1958); *Fountain v. State*, 163 So.2d 30 (Fla. 3d DCA 1964); Fla. R. Crim. P. 3.140(b), (d) (1), (n), (o).''

The Fourth District Court of Appeal held in *State v. Fields*, 390 So.2d 128 (Fla. 4 DCA 1980):

> ''. . . there is a significant distinction between an indictment or information which completely omits an essential element of an offense and one which imprecisely or incompletely alleges an essential element of a crime. In the former situation, the total ommission is fatal.''

This reasoning was based upon the Supreme Court of Florida Decision of *State v. Dye*, 346 So.2d 538 (Fla. 1977) in which the Supreme Court held that:

> ''An information must allege each of the essential elements of a crime to be valid. . . No essential element could be left to inference (*Conn v. State*, 332 So.2d 3 (Fla. 1976); *Leonetti v. State*, 418 So.2d 1192 (Fla. App. 5th 1982).''

The Florida Supreme court in *Leeman v. State*, 357 So.2d 703 (Fla. 1978) further states:

> "In order to charge one with an offense defined by statutes, the offense must be charged 'in the very language of the statute, or in language of equivalent import' and 'nothing can be taken in intendment' ". *Gibbs v. Mayo*, 81 So.2d 739 (Fla. 1955).

The State further argues the cases of *Trujillo v. State*, 187 So.2d 390 (Fla. 3d DCA 1966) and *Florio v. State*, 192 So.2d 289 (Fla. 3d DCA 1966). These cases at first blush appear to be squarely on point. A closer examination reveals violations of a Dade County Ordinance which also provides under THE HOME RULE CHARTER OF METROPOLIAN DADE COUNTY, Art. 6, Section 6.15(c) for the method of charging complaints under that code. That procedure allowed for prosecution by docket entry provided such entry is sufficient to put the accused on notice of the offense with which he is charged. The court decided only that the omission of the element of impairment was not fatal where the correct ordinance section was cited and was "sufficient to put the accused upon notice of the offense with which he is charged" at page 392 under the Metro Charter.

Municipal Courts have been abolished and the accused in this case is not charged under the Metro Charter allowing for "notice" pleading; rather, he is charged with violating a state statute governed by the Florida Rules of Criminal Procedure. See Committee Note 1968 Fla. R. of Crim. P. 3.010 providing that these rules were not intended to apply to municipal courts, but were intended to apply to all state courts where "crimes" are charged.

Secondly, in both *Trujillo* and *Florio*, the accused had been convicted at trial and was raising the issue *post* trial. The case at issue comes before this court as a *pretrial* motion to dismiss.

A greater degree of scrutiny of an information is employed on a pre-trial motion to dismiss as opposed to a more liberal standard on *post-trial* motion. *State v. Fields*, 390 So.2d 128 (Fla. 4th DCA 1980); *Fountain v. State*, 92 Fla. 262 109 So.463 (1926).

The State's argument that *Rahn* could have filed a motion for particulars is not persuasive as this matter is being determined *pre-trial* as opposed to post-trial and there is no requirement to this court's knowledge which forces an accused to demand particulars before moving to dismiss a charge. See also *State v. Black*, 385 So.2d 1372 (Fla. 1980); *Long v. State*, 418 So.2d 1264 (Fla. App. 2 DCA 1982) (statement of particulars cannot cure fundamental defects in an indictment).

The State argues that Fla. R. of Crim. P. 3.140(o), Defects and Variances, excuses the failure of the UTT to allege the essential element of Impairment.

The Florida Supreme Court in *Gibbs, supra,* stated in response to the use of the term "motor vehicle" in an information alleging burglary that while all automobiles and trucks are motor vehicles, not all motor vehicles are automobiles and trucks. Similarly, while all impaired and intoxicated persons are under the influence, not all persons who are under the influence are impaired or intoxicated. In fact, it is not a crime in the State of Florida to drive a motor vehicle while under the influence.

The relationship between the above terms is one of common misunderstanding and they are often used synonomously when they are not.[1] The term "under the influence" is vague, indefinite, and indistinct

---

[1]In *State v. Fitzpatrick,* 294 So.2d 708 (Fla. 4 DCA 1974), an apparent definitional error was made when that court was attempting to cite *Clowney v. State,* 102 So.2d 619 (Fla. 1958). This error was perpetuated in *State v. Harris,* 348 So.2d 283 (Fla. 1979) and other decisions.

This apparent definitional error arises in part from the confusion created by the inappropriate titles to Florida Statute 322.261 and 322.262 which includes the word "intoxication". The body of the two sections nowhere mentions intoxication; rather, they alude to a more subtle standard of "under the influence. . . when affected than the extent that one's *normal faculties* are *impaired.* Section 322.262 was amended and transferred to Section 316.1934 Ch. 82-155, the title of which now reads *Presumption of Impairment; testing methods.*

This confusion is further perpetuated by the common reference to Florida Statute 316.193 as the "D.W.I." statute when in fact it is the "D.U.I." statute.

The "D.W.I." and Manslaughter by Intoxication statute is 316.1931 formerly 860.01, and provides the only definition of the word "intoxication" contained in the Florida Statutes.

While Florida Statute 316.193; 322.261; and 322.262 refer to "impairment of normal faculties", (316.1931) defines "Intoxication" as "under the influence" . . . to such an extent as to *deprive* one of *full* possession of his normal faculties.

It does not appear to this writer that those two standards are the same. "Impairment" is not the same as "deprivation of full possession". Further confusion arose when *Fitzpatrick* miscited the Supreme Court of Florida in *Clowney* (a Manslaughter by Intoxication case under F.S. 860.01) upholding a trial judge's instruction on intoxication which was similar ("deprive one of the normal control of one's body or mental faculties or both") to the statutory definition in 860.01.

The *Fitzpatrick* Court miscited *Clowney* when they stated on page 709 that "being under the influence. . . to the extent that one's normal faculties are impaired, or so as to deprive one of the full possession of one's normal faculties is equivalent to "being intoxicated". (F.S. 860.01). The latter portion is, of course, true; however, the former portion underlined above is not contained in the *Clowney* opinion and is not in this writer's opinion an accurate statement of law; rather, that language is contained in F.S. 316.193.

when used in a charging document which does not state the degree of influence[2] as to charge a specific crime.

In the case of *State v. Cardinal*, 429 So.2d 747 (Fla. App.4 DCA 1983), a motion to dismiss an information charging driving while intoxicated Florida Statute 860.01(1) now Statute 316.1931 was heard. While the information did not allege the essential element of intoxication, it did allege the equivalent language of the statute. The Court held that the state could allege the essential element of intoxication or the statutory equivalent language that he was "under the influence of intoxicating liquors" to such an extent that he was deprived of his normal "faculties". In the case at issue here, the State did neither and the UTT omits the essential element of impairment or under the influence when affected to the extent that his normal faculties are impaired.

Therefore, the UTT charge must be dismissed for failure to include an essential element of the offense under Florida Statute 316.193.

IV.  Must A Uniform Traffic Citation Be Dismissed If It Is Not Sworn To?

Fla. R. of Crim. P. 3.125 Notice to Appear contains the following attestation clause:

> I swear the above and reverse and attached statements are true and correct to the best of my knowledge and belief.

> Complainant

> Agency or Department

Sworn to and subscribed before me this ____ day of _____, 19__

Notary Public, State of Florida

Fla. R. of Crim. P. 3.140(g) contains the following oath requirements:

> ". . . An information charging the commission of a misdemeanor shall be signed by the State Attorney, or a designated assistant State Attorney, under oath stating his good faith in instituting prosecution. . ."

---

[2]At some point after imbibing, alcohol begins to influence the body. When the influence reaches the point that a person's "normal faculties are impaired" a driver is in violation of 316.193. If this person continues to drink, he will at some point be under the influence "to such an extent as to deprive one of full possession of normal faculties", which is legally defined as drunk or intoxicated (316.1931) formerly 860.01 and Florida Standard Jury Instruction.

The State Attorney is required to take an oath and swear to his good faith in instituting a prosecution for a violation of a misdemeanor offense and when instituting a prosecution for a violation of a misdemeanor offense and when instituting a formal charge by way of a Notice to Appear. What logical and acceptable reason can there be for not requiring the same of a law enforcement officer who institutes a charge under F.S. 316.193 on the UTT, which is in turn used in place of an Information or Notice to Appear. A citizen of the State of Florida can be brought to trial on a UTT charged with a violation of F.S. 316.193 (an offense punishable by up to six months imprisonment) without the buffer of prosecutorial review. At a minimum the law enforcement officer preferring charges should be required to sign the charging document under oath that he has probable cause for instituting the offense.

In the case of *Florio v. State*, 192 So.2d 289 (Fla. 3rd DCA 1966) notice pleading was allowed under the Metro Ordinance. The ticket found on page 289 bears the following language:

> "The undersigned further states that he has just and reasonable grounds to believe, and does believe, that the person named above committed the offense herein set forth, contrary to law.
>
> Sworn to and acknowledged before me this ____ day of _____ 19__.

Signature and identity of Officer

Such language or language of similar import sworn to is consistent with other charging documents aforementioned and helps to insure that the prosecuting law enforcement officer has duly considered the serious charge which he makes.[3]

On the UTT at the upper left hand corner and apart from the signature line of the signing officer the following language is found:

> "In the court designated below the undersigned certifies that he has just and reasonable grounds to believe and does believe that. . ."

---

[3]As a practical matter swearing to the UTT is not an inconvenience when the accused is arrested and brought to jail on a criminal traffic offense. However, a citizen charged with noncriminal traffic offense is normally not brought to jail (law enforcement officers do not generally have a Notary riding shotgun). Since only one charge may be made on each ticket, and space on the face of the ticket is at a premium, the time has come for separate UTT forms: one for non-criminal violations and another for criminal traffic offenses.

This language is similar in nature to verified documents, but is "certified to as opposed to being under oath. The only decision located on this point is *State v. Neilson*, (41 Fla. Supp. 118, Circuit Court, Orange County, 1974) holding that there is no provision in the Statutes, in the Traffic Court Rules promulgated by the Supreme Court, or in the State Constitution requiring traffic tickets to be verified.

Notwithstanding, this court's finding that the better practice and the spirit if not content of the F. Rules of Crim. P. suggest that criminal traffic offenses charged on a UTT should be verified, this court finds based upon *Neilson* and the certified language contained in the UTT that, there being no prejudice shown in this case, the certification is minimally sufficient to withstand the Motion to Dismiss.

V.   Is The Language Used In The Uniform Traffic Citation Purporting To Allege Impairment By Narcotics, Drugs, Barbiturates Or Other Stimulants Overbroad Requiring Dismissal?

In 1973, Section 316.028 F.S. (now 316.193) was amended in laws of Florida as set forth below:

316.018 Driving while under the influence of alcoholic beverage or controlled substances.

(1)   It is unlawful and punishable as provided in subsection (2) for any person who is under the influence of alcoholic beverages, *model glue, or any substance controlled under chapter 893 marijuana or narcotic drugs, as defined in chapter 398, model glue, or barbiturates, central nervous system stimulants, hallucinogenic drugs, or any other drugs to which the drug abuse laws of the United States apply, as defined in chapter 404*, when affected to the extent that his normal faculties are impaired, to drive or be in the actual physical control of any vehicle within this state.

Unfortunately the UTT was never amended to include the changes incorporated by the Legislature, and does not track the language of Section 316.193. The Supreme Court in *Gibbs v. Mayo*, 81 So.2d 739 sets forth the basis of this court's dismissal of that portion of the UTT which alleges the old language "narcotic, drugs, barbiturates or other stimulants".

"(1-3)   It has long been settled in this State that to charge one with an offense defined by statute, the offense must be charged "in the very language of the statute, or in language of *equivalent import*" and "nothing can be taken by intendment". (Italics added). *Humphreys v. State*, 17 Fla. 381.385. The accused must be "plainly and unmistakably"

within a criminal statute, and all doubts are resolved in his favor. *Watson v. Stone*, 148 Fla. 516, 4 So.2d 700,701. And when a word is substituted for that used in the statute, the substituted word must necessarily be within the terms of the statute in order to charge an offense. *Wood v. State*, 18 Fla. 967.

VI.  Is Florida Statute 316.193 One Crime Which May Be Proven By Showing Impairment Or Blood Alcohol Content In Excess Of .10 Or Is DUI A Separate And Distinct Offense From Dubal?

May A Defendant Be Prosecuted For Impairment And Unlawful Blood Alcohol Level On One Uniform Traffic Citation?

Section 316.193(4) provides that a person convicted under Section 326.193(1) a second time within a period of three years shall serve ten days in jail. Section 322.23(2) requires suspension of license for five years for a second conviction within five years under Section 316.193. Certainly the Legislature did not intend that a person could be convicted of both DUI and DUBAL in a single case arising out of the identical circumstances and be immediately designated as a second offender and punished as indicated above as if two separate offenses had taken place. The punishments for a violation of Section 316.193(1)(a) and (1)(b) are identical further suggesting that the Legislature intended that a violation of 316.193(1) is but one offense, one sentence.

Neither DUI nor DUBAL appears to be a necessarily lesser included offense of the other. DUI requires proof of normal faculty impairment while DUBAL requires proof that the offender was driving with a blood alcohol level of .10 or above. Admittedly, I am uncertain why we have an instruction that a .10 is prima facie evidence of impairment when a .10 is sufficient in and of itself for a conviction under Section 316.193(1)(b).

The case of *State v. Franco*, 639 P.2d 1320 (Wash. 1982) faced a similar problem in that a person is held to be guilty of DUI if he drives a vehicle and satisfies any one of three conditions including .10 B.A.C. The court suggested a four part test to determine whether a statute describes a single offense which may be committed in alternative or combined ways or contains separate and distinct offenses. (See Supreme Court of Florida Driving under the Influence: Six Legal Issues 1983).

1.  *The Title to the Act.*

The title to 316.193 suggests alternative ways by which 316.193 can be violated.

2. *A Readily Perceivable Connection between the Various Acts set forth.*

The Florida statutes contain a number of crimes which may be committed in alternative ways for example:

Battery s. 784.03-Intentionally touched or struck, or intentionally caused bodily harm.

Aggravated Battery s.784.045-Intentionally caused great bodily harm, permanent disability to, or permanent disfigurement to; or used a deadly weapon.

The placement of DUI and DUBAL within the same section and prescription of· the same penalty certainly suggest that the Legislature intended only one offense under s. 316.193 namely DUI and that the proof of alternative essential elements of impairment or .10 B.A.C. or both satisfy the statute resulting in one conviction for DUI.

3. *Whether the Acts are Consistent with and not Repugnant to Each Other.*

The Legislature of Florida clearly does not wish its citizens to drive while impaired or with a .10 B.A.C. which is in essence the statutory equivalent is prima facie proof of impairment. Thus, the proof of either or both satisfies Section 316.193. Such construction renders the provision consistent with and not repugnant to each other.

4. *Whether the Acts may Inhere in the Same Transaction.*

Clearly, we are presented here with circumstances which concern the same transaction. Before DUBAL became an offense, Florida required alcohol testing. No additional evidence is required under the present statute; however, a level of .10 is not just prima facie evidence of impairment, it is in essence the statutory equivalent of impairment. In other words when a .10 is proven Section 316.193 is violated whether the accused was impaired or not.

Under the four tests suggested and previous comments, it is clear that DUBAL as a separte offense no longer exists in Florida. There is one offense DUI which may be committed by alternative means and should be charged in the alternative on the UTT. The question then becomes, is the language "test result .15" when added in the comment section to the *Rahn* ticket checked DUI and marked 316.193 sufficient to charge DUI by way of unlawful B.A.C.

The appropriate block DUI is checked and contains two of the three essential elements, namely driving and under the influence of alcohol. The third element may be alleged in the alternative; that is, impairment

and/or .10 B.A.C. The ticket does not charge impairment as previously stated, but does include the language "test results .15" in the comment section.

This Court finds that the language "test results .15" is minimally sufficient to allege the third element and withstand a motion to dismiss on the charge of DUI by .10 or above B.A.C.

The Department of Safety and Motor Vehicles could remedy the problem by rewording the printed language on the UTT charging DUI to include one charge expressed in the alternative; however, the Department is not inclined to do so until a definitive ruling is made as to whether Section 316.193 is a single offense which may be committed in alternative or combined ways or contains two separate and distinct offenses.

This Court does not have the power to certify this issue, but firmly believe this matter to be of great importance in the proper administration of justice throughout the State of Florida.

