DAUKSCH, Judge.
This is an appeal from a manslaughter conviction and a conviction for leaving the scene of an accident. §§ 316.1931(2), 316.-027, Fla.Stat. (1983). Appellant raises two issues on appeal. First, she says the court erred in its jury instruction regarding the presumption of physical impairment from blood alcohol measurements. Second, she says the court erred in allowing a prosecutor to testify regarding certain out-of-court statements she made. We reverse on both counts and order a new trial.
Appellant was charged under section 316.1931(2), Florida Statutes, which reads:
(2) If, however, damage to the property or person of another, other than damage resulting in the death of any person, is done by such intoxicated person under the influence of alcoholic beverages, model glue, or any substance controlled under Chapter 893, to such extent as to deprive him of full possession of his normal faculties by reason of the operation of any of the vehicles mentioned herein, he is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.-082 or s. 775.083, but the penalty imposed for a violation of this subsection shall not be less than the penalty provided under s. 315.193; and if the death of any human being is caused by the operation of a motor vehicle by any person while so intoxicated, such person shall be deemed guilty of manslaughter and on conviction shall be punished as provided by existing law relating to manslaughter.
After the incident for which she was charged occurred appellant underwent a chemical test to determine her blood-alcohol level. It measured 0.17 at the time of testing and the court allowed a witness to testify that appellant’s blood-alcohol level at the time of the incident was 0.21.
Over the objection of defense counsel the judge instructed the jury that
Intoxicated means more than merely being under the influence of intoxicating liquor. Intoxicated is synonymous with drunk. The intoxication must deprive the defendant of the full possession of her normal faculties.
* * * * * *
Now, there has been admitted in evidence the results of a blood-alcohol test. Evidence that a person had .10 percent or more by weight of alcohol in the blood at a certain time is prima facie evidence that such person was intoxicated at that time.
Prima facie evidence is evidence which is such to establish a fact unless rebutted by evidence to the contrary.
This instruction was not a standard jury instruction but was given, the state asserts, under the authority of a standard jury instruction in misdemeanor DUI cases and State v. Harris, 348 So.2d 283 (Fla.1977). The standard jury instruction in misdemeanor cases reads:
If you find from the evidence:
3. That the defendant had .10 percent or more by weight of alcohol in his blood, it is prima facie evidence that the defendant was under the influence of alcoholic beverages to the extent that his normal faculties were impaired. F.S. 322.-252(2)(c).
*827 Harris holds that a charging document in a DUI manslaughter case is legally sufficient if it alleges the death occurred while the defendant was driving under the influence of alcohol and the charging document need not allege the defendant was intoxicated.
It is our opinion that the Harris ease does not authorize the judge to instruct the jury that a .10 reading is prima facie evidence that a person is intoxicated. Harris does not so hold and it does not hold that “intoxicated” and “under the influence” are synonymous. As Ingram v. Pettit, 340 So.2d 922, 924 (Fla.1976), cited and compared in Harris, says
... the term ‘while intoxicated’ means the same [in civil cases] as it does in criminal proceedings. It is not synonymous with ‘while under the influence of intoxicating liquors.’ Cannon v. State, 91 Fla. 214, 107 So. 360 (1926). The term ‘intoxicated’ is stronger than and includes the' term ‘under the influence of intoxicating liquor.’ Taylor v. State, 46 So.2d 725 (Fla.1950). As used in this opinion, the term ‘intoxicated’ is identical to the degree of intoxication required in section 860.01, Florida Statutes (1975), pertaining to automobile manslaughter.[10]
The jury here was instructed by the court that a blood-alcohol reading of .10 or above is a presumption of intoxication. The statute says it is only a presumption of being under the influence. Ingram says the two are not equal. Common experience teaches that intoxicated or drunk (synonymous terms) is a condition of impairment greater than merely under the influence. Harris says only that a charging document is not fatally defective if it says “under the influence” rather than “intoxicated.” It does not say the terms are legally the same but only that an information or indictment cannot be dismissed for alleging the lesser rather than the greater.
We suggest it is proper to instruct the jury regarding the presumption, as worded by the supreme court in the standard jury instruction, and then tell the jury that intoxication is being under the influence to a greater extent than just having impaired faculties and that the state is bound to prove intoxication beyond a reasonable doubt, not merely under the influence.
The second point involves statements made by the appellant in a driving class which she was required to attend. The trial, it will be remembered, was for both the manslaughter and the leaving the scene charges. The statements she made were admissions to certain elements of both crimes; that she was the driver, that she had been drinking, and that she left the scene of the accident. Because the instructor was an assistant state attorney and because appellant was compelled to attend the class and urged to bare her soul regarding her wrongdoing, we find at least prosecutorial overreaching in urging the admission of these inculpatory statements. It is clear to us — without a lengthy exposition on the right to remain silent, Miranda,[1] the right to counsel, the right to due process, and proper prosecutorial behavior — that it is more than unfair to require a person to attend a state-conducted school, elicit damning statements and then run to court and use the statements to get a conviction. The prosecutors knew they were taking an unfair, if they did not know unconstitutional, advantage of her and the judge should not have countenanced it.
The convictions are reversed and this cause remanded for a new trial on both charges.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur. .

 The term "intoxication” is defined in Fla. Std.Jury Instr. in Crim.Cases, Manslaughter— DWI, 84 (1975), as follows:
“ ‘Intoxication’ means more than merely being under the influence of intoxicating liquor. As used in these charges, intoxication means that the defendant must have been so affected from the drinking of intoxicating liquor as to have lost or been deprived of the normal control of either his body or his mental faculties, or both.
Intoxication is synonymous with ‘drunk.’ ”

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2tl 694 (1966).